RICHTMYER v. LASHER et al. (Supreme Court, Appellate Division, Third Department. September 9, 1902.) Action by Alvin Richtmyer against Marquis A. Lasher and others.

PER CURIAM. On payment of $10 costs of this motion and $10 costs of term within 10 days after entry of the order hereon, the appellants may have until October 5, 1902, to have the notice of appeal, judgment roll, and case and exceptions properly certified, filed, and served. Before dismissal of appeal or decision on the merits, notice must be given to the appellant Catharine A. Stephens.

RIEGLER v. SOLVAY PROCESS CO. (Supreme Court, Appellate Division, Fourth Department. October 17, 1902.) Action by Ida Riegler, as administratrix, etc., against the Solvay Process Company. No opinion. Motion for leave to appeal to the court of appeals denied, with $10 costs.

RILEY, Respondent, v. VILLAGE OF BALLSTON SPA, Appellant. (Supreme Court, Appellate Division, Third Department. September 3, 1902.) Action by Benjamin C. Riley against the village of Ballston Spa.

PER CURIAM. Judgment reversed, on the ground that the damages are excessive, and a new trial granted, with costs to appellant to abide event, unless the plaintiff stipulates to reduce the damages to $75 per year, in which case the judgment, as so modified, is affirmed, without costs in this court.

ROSENBLOOM, Appellant, v. TRAVELERS' INS. CO. OF HARTFORD, CONN., Respondent. (Supreme Court, Appellate Term. May, 1902.) Action by Michael Rosenbloom against the Travelers' Insurance Company of Hartford, Conn. Meyer Greenberg, for appellant. F. V. Johnson, for respondent.

PER CURIAM. The policy in question insured the plaintiff's assignor "against loss from common-law or statutory liability (being solely the contingent liability so imposed upon the assured as owner or general contractor) for damages on account of bodily injuries * * * resulting from negligence of any contractor or subcontractor engaged in the construction" of the building mentioned in the application for said policy. The policy contains the further provision to the effect that, if the assured is the owner of the building mentioned in the application, "it is agreed that all the work of constructing the same is to be done by contract at the risk of the contractor or contractors, and that the assured has not, and will not, by contract or otherwise, voluntarily assume any liability for loss on account of bodily injuries suffered by any person or persons by reason of the negligence of any contractor or subcontractor." It is difficult to determine what the policy covers. By its terms, the plaintiff's assignor was assured only against the contingent liability imposed by the common law or by statute upon the assured as owner of the premises described in the application on which the policy was granted, and was not assured against his own negligence. In other words, he was not assured against the negligence of his contractor, nor was he assured against his own negligence. The record shows that one Levy, the assured, was the owner of the buildings in East Broadway, which were constructed by separate contractors; that one Cullberg, an employé of one of said contractors, was injured while on said premises, and while the buildings above mentioned were in the course of construction; and that said Cullberg began an action against said Levy upon the ground that the accident to said Cullberg happened through the negligence of the said Levy. The record does not show that the plaintiff has brought himself within the provisions of the policy of insurance. If the accident happened through the negligence of the contractors, the defendant would not be liable. If the accident happened through the negligence of said Levy, and we are bound by the record which shows that it did happen through his negligence, the defendant would not be liable. By the stipulation between the parties hereto it was stipulated that the trial justice, before whom the action of Cullberg against Levy was tried. decided in favor of said Cullberg, because the accident happened to said Cullberg through the negligence of said Levy, and therefore the admission of the record, which did not vary or change that stipulation, was not error. The judgment must be affirmed, with costs.

ROURKE et al., Appellants, v. ELK DRUG CO. et al., Respondents. (Supreme Court, Appellate Division, Third Department. September 16, 1902.) Action by John H. Rourke and another against the Elk Drug Company and others. No opinion. Motion denied.

ROYS, Respondent, v. HARTMAN et al., Appellants. (Supreme Court, Appellate Division, Second Department. October 17, 1902.) Action by Willis E. Roys against Herman Hartman and Cornelius J. Horgan. No opinion. Judgment of the municipal court affirmed, with costs.