MICHAEL J. FRYE, Admr., In Equity,

*vs.*

BATH GAS AND ELECTRIC Company, and others.

Sagadahoc.          Opinion January 1, 1903.

*Accident Insurance.    Casualty Company.    Indemnity.    Liability to Third Persons.*

The plaintiff's intestate, while in the employ of a gas company, sustained bodily injuries through the latter's negligence. In an action commenced by him against the gas company to recover damages for such injuries, his administrator, he having died pending the litigation, recovered judgment. This judgment has been in no part satisfied, and is now worthless, the gas company having made an assignment for the benefit of such of its creditors as became parties thereto, and neither the plaintiff nor his intestate ever became a party to this assignment.

At the time of the accident wherein the plaintiff's intestate received his injuries, the gas company had a contract with a casualty insurance company, wherein the latter had agreed to indemnify the gas company, for the period of time named therein, "against loss from common law or statutory liability for damages on account of bodily injuries, fatal or non-fatal,

accidentally suffered by any employee or employees of the assured while on duty at the places and in the occupations mentioned in the schedule hereinafter given, caused by the negligence of the assured, and resulting from the work described in the said schedule, subject to the following special and general agreements, which are to be construed as co-ordinate, as conditions." One of these conditions was as follows : "No action shall lie against the company (the insurer) as respects any loss under this policy unless it shall be brought by the assured himself to re-imburse him for loss actually sustained and paid by him in satisfaction of a judgment after trial of the issue."

Upon a bill in equity brought by the judgment creditor against the gas company, the casualty insurance company and others, wherein the complainant prays that the insurance company may be compelled to pay to the complainant the amount of his unsatisfied judgment, *held;* that the contract of the insurance company was not one of insurance against liability, but of indemnity against loss by reason of liability ; that it was not the object or intention of the contracting parties that the insurer should guarantee the gas company's liability for negligence to its employees; that the undertaking of the insurer was to re-imburse or make whole the assured against loss sustained by it on account of its liability to its employees for negligence ; and that independently of the condition in the contract of insurance above quoted, the court would be compelled to construe this contract as one of indemnity only.

*Also;* that there can be no doubt about the meaning of the language of the condition above quoted, and no question about the right of the contracting parties to insert such a provision in their contract for the purpose of making clear the nature and limit of the liability of the parties or either of them ; that by this unequivocal language in the condition above quoted the undertaking of the insurer was expressly limited to liability in an action brought by the insured " to re-imburse him for loss actually sustained and paid by him."

See *Frye* v. *Bath Gas, etc., Co.,* 94 Maine, 17.

On report. Bill dismissed.

Bill in equity against the Bath Gas and Electric Company, its assignees under a common law assignment, the trustee of a mortgage given by the Gas Company to secure its bonds, and the Fidelity and Casualty Company, alleging that the latter named company refuses to pay the amount of the judgment recovered by the plaintiff (see *Frye* v. *Bath Gas, etc., Co.,* 94 Maine, 17) and that the Gas Company, its transferee, and its assignees, neglect to enforce the contract with the Casualty Company, or to pay the amount of the aforesaid judgment; and praying that the Casualty Company be compelled to pay the same.

The case is stated in the opinion.

*F. E. Southard and S. L. Fogg*, for plaintiff.

*C. W. Larrabee and G. E. Hughes*, for defendants.

SITTING: WISWELL, C. J., WHITEHOUSE, STROUT, SAVAGE, POWERS, PEABODY, JJ.

WISWELL, C. J.   At the December term 1898 of this court for Sagadahoc County, the plaintiff's intestate, entered an action against the Bath Gas and Electric Company to recover damages for personal injuries sustained by him on March 10, 1898, while in the employ of that company, and by reason of its alleged negligence.   After a trial before a jury, in which a verdict was rendered for the plaintiff, the case was taken to the law court upon the defendant's motion for a new trial, and finally, at the April term, 1900, judgment was rendered against the Gas and Electric Company in favor of the complainant as administrator of the plaintiff in that action, the latter having previously died, for the sum of $4416.65 and costs.

At the time of the accident, wherein the plaintiff's intestate received the injuries complained of in the suit above referred to, the defendant in that suit had a contract of indemnity with the Fidelity and Casualty Company, one of the present respondents, wherein the latter, for a valuable consideration, had agreed to indemnify the Bath Gas and Electric Company, for the term of twelve months from December 1, 1897:   "Against loss from common law or statutory liability for damages on account of bodily injuries, fatal or non-fatal, accidentally suffered by any employee or employees of the assured while on duty at the places and in the occupations mentioned in the schedule hereinafter given, caused by the negligence of the assured, and resulting from the work described in the said schedule, subject to the following special and general agreements, which are to be construed as co-ordinate, as conditions."   One of these conditions was as follows:   "No action shall lie against the company (the insurer) as respects any loss under this policy unless it shall be brought by the assured himself to re-imburse him for loss actually sustained and paid by him in satisfaction of a judgment after trial of the issue."

The defense of the original suit was partially assumed by the Casualty Company, and was conducted by its counsel in conjunction with that of the Gas Company, under a clause in the contract of insurance which gave the insurer the right to defend such suits.

In August, 1898, the Bath Gas and Electric Company, being insolvent, made a common law assignment for the benefit of such of its creditors as became parties to the assignment within the time limited therein, of all its property of every description. The assignees subsequently sold and conveyed all of such property to George F. West, one of the respondents; and on September 6, 1898, this contract of insurance with the Casualty Company was transferred by the assignees to West, with the consent of the insurer.

Execution was duly issued upon the judgment recovered by the complainant and was placed in an officer's hands for enforcement, but he was unable to find any property of the judgment debtor, and the judgment has remained wholly unsatisfied; this judgment, as against the Gas Company, is entirely worthless.

The complainant has commenced this bill in equity against the defendant in the original suit, its assignees under the common law assignment, the transferee of the property, the trustee of a mortgage given by the Gas Company to secure its bonds, and the Fidelity and Casualty Company, alleging, in addition to some of the facts above stated, that the Fidelity and Casualty Company refuses to pay the judgment above referred to, that the Gas Company, its assignees, and the transferee of its property, neglect to enforce the contract of the Casualty Company, or to pay the amount of the judgment, and praying that the Casualty Company be compelled to pay to the complainant the amount of such judgment.

We are unable to perceive any ground upon which the bill can be sustained and the relief prayed for granted. The contract of the insurer was with the Gas Company to indemnify that company "against loss" ' from liability for damages on account of bodily injuries accidentally suffered by an employee and caused by the negligence of the assured. The use of the word "indemnify" shows the object and nature of the contract, it was to re-imburse, or make whole, the assured against loss on account of such liability.

There can be no re-imbursement when there has been no loss. The contract of insurance contains nothing to show that it was the object or intention of the contracting parties that the insurer should guarantee the Gas Company's liability for negligence to its employees. It was not a contract of insurance against liability, but of indemnity against loss by reason of liability.

This distinction was clearly recognized in the case of *Anoka Lumber Company* v. *Fidelity and Casualty Company*, 63 Minn. 286, 30 L. R. A. 689. There is no stipulation in this contract that the insurer shall pay to the employer, "all sums for which it shall become liable to its employees," as in *Hoven* v. *West Superior Iron & Steel Co.*, 93 Wis. 201. Nor did the insurer contract to pay "all damages with which the insured might be legally charged, or required to pay or for which it might become liable," as in *American Employers' Liability Insurance Company* v. *Fordyce*, 62 Ark. 562, 54 Am. St. Rep. 305, in which this distinction is noticed in this language: "The difference between a contract of indemnity and one to pay legal liabilities is, that upon the former an action cannot be brought and a recovery had until the liability is discharged, whereas, upon the latter, the cause of action is complete when the liability attaches."

In this case, as we have seen, the contract was one of indemnity only. It was not obtained by the Gas Company for the benefit of its employees, but for its own benefit exclusively, to re-imburse it for any sum that the company might be obliged to pay, and had paid, on account of injuries sustained by an employee through its negligence. Independently of the condition in the contract of insurance above quoted, we should be compelled to construe this contract as one of indemnity only.

But this provision puts an end to all questions or doubt, if any there could be. The parties have expressly provided in the contract which they chose to make, that: "No action shall lie against the company as respects any loss under this policy unless it shall be brought by the assured himself to re-imburse him for loss actually sustained and paid by him in satisfaction of a judgment after trial of the issue." By reason of the unequivocal language of this provision, the under-

taking of the insurer was expressly limited to liability in an action brought by the insured "to re-imburse him for loss actually sustained and paid by him." There can be no doubt about the meaning of this language and no question about the right of the contracting parties to insert such a provision in their contract for the purpose of making clear the nature and limit of the liability of the parties or of either of them.

Precisely similar language in a contract of this nature was construed by the court in *Moses* v. *Travelers' Insurance Company*, (N. J.) 49 Atl. Rep. 720, wherein it was held: "That not the amount of the employee's judgment, but the amount paid by the employer thereon, was the sum for which the insurer was responsible." In this case the court decided that the transfer of the employer's property to a trustee in bankruptcy, by operation of the United States Bankrupt Act, was payment, within the requirement of this clause, and perfected the liability of the insurer for so much as the employee was entitled to receive out of the bankrupt's estate, that this liability of the insurer passed to the trustee in bankruptcy and that the amount for which the insurer was liable would be determined by ascertaining what percentage all the assets of the bankrupt, outside of the insurance policy, would pay on all the debts proved against the estate, outside of the employee's judgment.

But this doctrine is not applicable to the case under consideration for various reasons; the common law assignment of the Gas Company was for the benefit of such of its creditors as became parties thereto within the time limited, long since elapsed, and neither the complainant, nor his intestate during his lifetime, became a party to this assignment. Again, it does not appear that any dividend has ever or will ever be paid; upon the contrary it is said in argument that there were no assets to be divided.

For these reasons the bill cannot be sustained against any of the respondents. A decree will be made below dismissing the bill, at which time such order will be made in regard to costs as seems proper to the justice who makes the decree.

*So ordered.*