### SROKA v. FRANKFORT AMERICAN INS. CO. OF NEW YORK.

(Supreme Court, Appellate Term. June 22, 1905.)

INSURANCE—INJURIES DURING CONSTRUCTION OF BUILDING—"CONTINGENT LIABILITY" OF OWNER.

A policy insuring the owner of a building in process of erection against loss from common-law or statutory liability arising from the "contingent liability" of the assured, as owner, for damages on account of injuries accidentally suffered by any person in connection with and during the construction of the building for an act or negligence of any contractor or subcontractor, imposes no liability on the insurer.

Appeal from City Court of New York, Trial Term.

Action by Louis Sroka against the Frankfort American Insurance Company of New York. From a judgment for defendant, plaintiff appeals. Affirmed.

Argued before SCOTT, P. J., and DUGRO and MacLEAN, JJ.

Durack & Brand (Otto H. Droege, of counsel), for appellant.
William A. Jones, Jr., for respondent.

SCOTT, P. J. We find ourselves compelled, with much regret, to affirm this judgment. The action is upon a policy of insurance purporting, unless carefully read, to insure the owner of premises against accidents happening during the erection of a building, but which, in fact, is so skillfully worded as to insure him only against claims for which he would in no event be liable. The policy itself is not printed in the case on appeal, but there is no dispute as to its terms. As stated in the complaint, the defendant undertook to insure the plaintiff "against loss from common-law or statutory liability arising from the contingent liability of the assured as owner of said buildings for damages on account of bodily injuries accidentally suffered by any person whatsoever in connection with and during the reconstruction, alteration or repairs of the building above mentioned * * * caused by the act or negligence of any contractor or sub-contractor engaged in the reconstruction or alteration of the said building." This somewhat elaborate verbiage is undoubtedly well calculated to induce a belief in the mind of a layman, unskilled in the law, that he is obtaining an insurance against something in return for the premium he pays. Really, however, the words are meaningless. The insurance is against "contingent liability" for the act or negligence of a contractor or subcontractor. There is no such liability known to the law. The owner may be liable in a given case for the result of an accident, but his liability in such a case will be original, and not contingent. The defendant's

counsel in his brief, in a natural effort to show that his client really gave something in return for the premium which it received from plaintiff, suggests that the policy is intended to cover the cost of investigating claims and defending actions when the owner is wrongfully sued for injuries caused by the contractor or his workmen while engaged in the construction of buildings, or is joined as a codefendant with such contractors. It is not quite apparent why the defendant admits even so much liability, unless it be for mere shame's sake, in order to avoid the appearance of having given nothing for the premium received. Even the nonexistent "contingent liability" against which the policy purports to insure the plaintiff is limited to such as is his "common law or statutory liability." We do not understand that the expense of defending an unfounded claim is either a "common law or statutory liability" arising out of any contingent liability for the negligence of an independent contractor. The plight of an insured under such a policy is all the worse because, assuming that he is insured against something, he naturally commits the defense of any action to his insurer. In such a case the interest of the insurer is that a judgment shall go against the owner, because it can only so run if it be made to appear that he was himself negligent, and then the judgment itself becomes conclusive evidence that the insurer is not liable on its policy. It seems to us entirely clear that the defendant took plaintiff's money and gave him in return a document purporting to be a policy of insurance which in fact insured him against nothing. We can, however, afford him no relief in this action. In bringing the action, he stands upon the policy, and thereby affirms it. His loss does not fall within its terms, and he may not therefore recover. Rosenbloom v. Travelers' Ins. Co., 38 Misc. Rep. 744, 78 N. Y. Supp. 1135.

Judgment affirmed, with costs.

DUGRO, J., concurs.

MacLEAN, J. Upon the decision of this court in Rosenbloom v. Travelers' Ins. Co., 38 Misc. Rep. 744, 78 N. Y. Supp. 1135, the judgment herein must be affirmed.