## AMERICAN CEREAL CO. v. LONDON GUARANTEE & ACCIDENT CO.

(Circuit Court of Appeals, Seventh Circuit. January 6, 1914.)

No. 2029.

1. INSURANCE (§ 435*)—LIABILITY INSURANCE—LIABILITIES COVERED—"CONTINGENT LIABILITY."

Under a contract to indemnify plaintiff against loss arising solely from its contingent liability as owner for injuries to any person during the construction of a building, resulting from the negligence of any contractor or subcontractor, and containing an agreement that the work was to be done by contract at the risk of the contractor or subcontractors and. that assured had not and would not voluntarily assume any liability for loss on account of injuries by reason of the negligence of any contractor or subcontractor, the insurer was liable only for injuries for which plaintiff was contingently liable as owner, and not for injuries for which he was directly liable as doer or causer of the negligent act, since a "contingent liability" is one depending upon an uncertain event (citing Words and Phrases, vol. 2, p. 1501).

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1144; Dec. Dig. § 435.*]

2. INSURANCE (§ 629*)—ACTIONS—DECLARATION—LOSS AND CAUSE THEREOF.

In an action on a contract indemnifying the owner of a building from loss arising solely from its contingent liability as owner for injuries caused by the negligence of any contractor or subcontractor, a declaration, alleging that O. suffered injuries by reason of the construction of such building from which he thereafter died, and that his administrator had sued such owner and others for damages for causing his death, failed to show that the owner was "contingently liable" for the injuries, since they might·have been due to the fault of himself or of others for whose negligence he was not answerable as owner.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1575–1580, 1584–1586, 1592, 1598; Dec. Dig. § 629.*]

3. INSURANCE (§ 629*)—ACTIONS—DECLARATION—LOSS AND CAUSE THEREOF.

In an action on a contract to indemnify plaintiff against loss arising from its contingent liability as owner of a building for injuries due to the negligence of any contractor or subcontractor, a declaration, alleging injuries caused by the construction of such building, for which insured and others were sued, without showing that insured was contingently liable therefor, and further alleging that the insurer assumed the obligation to defend the action and conducted the defense until after the trial thereof before a jury, that after the trial the insurer so carelessly and negligently conducted the defense as to cause the defendants other than insured to be discharged and relieved, and that after the trial the insurer abandoned the defense of the action and refused to defend it further, failed to show facts estopping the insurer from relying on its nonliability under the policy, except for injuries for which insured was contingently liable; since, if insured and others were directly liable, there being no contribution or recovery over among the joint tort-feasors, the dismissal of such other defendants did not injure insured, and, it not being alleged that a verdict was returned or judgment entered against insured, it was not a violent supposition that the submission of the case was set aside and that insured came into charge of the defense de novo, and hence it did not appear that it was misled or injured by the insurer undertaking the defense of the action.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1575–1580, 1584–1586, 1592, 1598; Dec. Dig. § 629.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In Error to the District Court of the United States for the Eastern Division of the Northern District of Illinois; Geo. A. Carpenter, Judge.

Action by the American Cereal Company against the London Guarantee & Accident Company. Judgment for defendant on demurrer, and plaintiff brings error. Affirmed.

Jones, Addington, Ames & Seibold, of Chicago, Ill. (Keene H. Addington and Walter Hamilton, both of Chicago, Ill., of counsel), for plaintiff in error.

Robert J. Folonie, of Chicago, Ill. (F. J. Canty, of Chicago, Ill., of counsel), for defendant in error.

Before BAKER, SEAMAN, and KOHLSAAT, Circuit Judges.

BAKER, Circuit Judge. Plaintiff in error filed a declaration in three counts against defendant to recover on an indemnity contract. A demurrer to each count was sustained, plaintiff declined to plead further, and the judgment to which this writ of error is addressed was thereupon entered.

[1] In the third count the contract is set out in hæc verba. For the sum of $50 defendant agreed to indemnify plaintiff for one year "against loss arising solely from its contingent liability as general contractor or owner from common law or any statute for damages on account of bodily injuries, fatal or nonfatal, accidentally suffered by any person or persons during the construction of the building described in the schedule hereinafter given, and resulting from the negligence of any contractor or subcontractor engaged in the construction of said building, subject to the following special and general agreements, which are to be construed as coördinate, as conditions."

The schedule showed that plaintiff was the owner of the building.

Special agreement B reads:

"If the assured is the owner of the building mentioned in the schedule, it is agreed that all the work of constructing the same is to be done by contract at the risk of the contractor or subcontractors and that the assured has not and will not by contract or otherwise voluntarily assume any liability for loss on account of bodily injuries suffered by any person or persons by reason of the negligence of any contractor or subcontractor."

General agreement 2 is as follows:

"If thereafter any suit is brought against the assured to enforce a claim for damages on account of an accident covered by this policy, the assured shall immediately forward to the head office of the company for the United States of America every summons or other process as soon as the same shall have been served on him, and the company will at its own cost defend against such proceedings in the name and on behalf of the assured, or settle the same, unless it shall elect to pay to the assured the indemnity provided for in clause A of the special agreements as limited therein."

From the explicit terms of this contract it is clear that there could be no obligation on the part of defendant to indemnify plaintiff unless during the construction of the building by an independent contractor some one accidentally suffered bodily injury through the negligence of the contractor or a subcontractor, for which negligence plaintiff was nowise directly liable as doer or causer of the negligent act, but only

"contingently" liable as owner of the building. Compare London Guarantee Co. v. Cereal Co., 251 Ill. 123, 95 N. E. 1064, where this very form of indemnity contract was under consideration. See, also, Allen v. Gilman, McNeil & Co., 145 Fed. 881, 76 C. C. A. 265, 7 L. R. A. (N. S.) 958; Connolly v. Bolster, 187 Mass. 266, 72 N. E. 981; Frye v. Bath, Gas & Electric Co., 97 Me. 241, 54 Atl. 395, 59 L. R. A. 444, 94 Am. St. Rep. 500; Cushman v. Carbondale, 122 Iowa, 656, 98 N. W. 509; Carter v. Ætna Life Insurance Co., 76 Kan. 275, 91 Pac. 178, 11 L. R. A. (N. S.) 1155.

A "contingent" liability is one that depends upon an uncertain event, as the liability of an indorser to respond for the default of the maker. 2 Words and Phrases, 1501; State ex rel. Breeden v. Sheets, 26 Utah, 105, 72 Pac. 334; Rosenbloom v. Travelers' Insurance Co., 38 Misc. Rep. 744, 78 N. Y. Supp. 1135. Plaintiff bargained to be saved from loss, not through its own negligence, but only through its contingent liability as owner of the building for negligent acts of the independent contractor or of those under him.

[2] Plaintiff's only allegations tending to show a "contingent liability" on its part were the following:

"That during the month of November, 1899, and within the period covered by said contract of indemnity, one W. L. Overhouser, a resident of said city of Cedar Rapids, did accidentally suffer bodily injuries during and by reason of the construction of said buildings mentioned and described in said contract of indemnity; that thereafter and during, to wit, the said month of November, 1899, said W. L. Overhouser died as the result of such injuries; that thereafter one Henry Overhouser, as administrator of the estate of said W. L. Overhouser, did institute a certain action against the plaintiff and others for the purpose of recovering damages for causing, as alleged, the death of said W. L. Overhouser."

Plaintiff failed to charge that Overhouser was injured through the negligence of an independent contractor or a subcontractor under circumstances which would make plaintiff contingently liable as owner. For aught that appears, Overhouser may have been injured through the fault of himself or of others for whose negligence plaintiff as owner was not answerable over. There is an utter failure to bring the alleged breach within defendant's promise.

[3] Notwithstanding this failure to make out a case under the contract, plaintiff insists that subsequent allegations in this count preclude defendant from relying upon the terms of the contract. These allegations are:

"That the defendant assumed the obligation to defend said action, took charge and control of the defense thereof, and conducted the same until after the trial thereof before a jury impaneled for that purpose; and notwithstanding, although the plaintiff did fully, and at the time and times specified in said contract of indemnity, keep and perform all things in said contract of indemnity mentioned, on its part to be kept and performed, the defendant, after the trial of said cause, so carelessly, negligently, and improperly conducted the defense of said action as to cause the defendants to the same other than the plaintiff to be discharged and relieved therefrom, and did after the trial of said action abandon the defense of the same and notify the plaintiff that it would thereafter be required to defend the same upon its own account and at its own expense; that the plaintiff protested against such action, but, notwithstanding such protest, the defendant refused further to defend said action or to assist in the defense thereof and denied and disclaimed all liability of

every kind and character under and by virtue of said contract of indemnity; that the plaintiff did, by reason of the action of the defendant in so refusing further to defend said action, undertake the defense thereof, and in that behalf incurred and disbursed, to wit, the sum of one thousand dollars ($1,000), and that the plaintiff did finally settle and compromise said action for, to wit, the sum of twenty-five hundred dollars ($2,500), which said sum was a fair and reasonable amount to be paid in compromise and settlement of said action."

But there is no estoppel unless plaintiff has been misled and injured. Connolly v. Bolster, 187 Mass. 266, 72 N. E. 981; Employers' Liability Assurance Corporation v. Chicago & Big Muddy Hole Co., 141 Fed. 692, 73 C. C. A. 278; Empire State Surety Co. v. Pacific Nat. Lumber Co., 200 Fed. 224, 118 C. C. A. 410. If defendant, outside of its contract, assumed the defense of a personal injury case in which plaintiff "and others" were directly liable, the dismissal of the others could not injure or prejudice plaintiff, for there could be no contribution, or liability over, among the joint tort-feasors. If defendant's interposition in the Overhouser case prevented plaintiff from presenting fully its defense, or in any way prejudiced plaintiff in the final results of that case, a different question from the one before us would be presented. But defendant notified plaintiff "after the trial" that defendant would withdraw from the case, and thereupon plaintiff "undertook the defense." The pleader seems to have been very careful not to allege that "after the trial" a verdict was returned and a final judgment entered against plaintiff. If, in truth, "after the trial" the submission of the Overhouser case was set aside and plaintiff came into charge of the defense de novo, and if defendant had been misled into undertaking the defense by plaintiff's representation that the building was being erected by an independent contractor in accordance with the terms of the indemnity contract, when plaintiff was actually constructing the building itself, not only was there no injury suffered by plaintiff, but defendant was amply justified in withdrawing. The allegations of this count are no bar to believing that the foregoing supposititious circumstances may have been the actual circumstances. And that the supposition is not a violent one may be learned by consulting the facts in the case of London Guarantee Co. v. Cereal Co., 251 Ill. 123, 95 N. E. 1064.

Though the first and second counts do not set out the indemnity contract in hæc verba, they rely upon an undertaking of defendant "to indemnify plaintiff against loss arising from the contingent liability of plaintiff for damages on account of bodily injury accidentally suffered by any person during the construction of the building." As the averments respecting the injury of Overhouser are the same as in the third count, there is a failure to show any "contingent liability" of plaintiff; and as the allegations respecting estoppel are also identical with those in the third count, defendant was at liberty to withdraw from the Overhouser case without creating a liability over and beyond its contractual liability.

The judgment is affirmed.