WILLIAM M. MOORE CONSTRUCTION CO., INC., Appellant, *v.* UNITED STATES FIDELITY AND GUARANTEE COMPANY, Respondent.

Argued April 17, 1944; decided June 14, 1944.

*Vernon Murphy* for appellant. I. The complaint alleging that defendant assumed and conducted plaintiff's defense against the cross complaint with full knowledge of all the facts without disclaiming liability, and is therefore precluded from setting up the defense of non-coverage states a good cause of action. (*Jones* v. *Zurich General Accident & Liability Ins. Co.*, 121 F. 2d 761; *Gerka* v. *Fidelity & Casualty Co.*, 251 N. Y. 51; *Rosenwasser* v. *Globe Indemnity Co.*, 224 N. Y. 561; *Kearns Coal Corp.* v. *United States Fidelity & Guar. Co.*, 118 F. 2d 33; *Gordon* v. *Mass. Bonding & Ins. Co.*, 229 N. Y. 424; *Oehme* v. *Johnson*, 181 Minn. 138; *Royle Mining Co.* v. *Fidelity & Casualty Co.*, 126 Mo. App. 104; *Thompson-Starrett Co.* v. *Otis Elevator Co.*, 271 N. Y. 36; *Cohen* v. *Dugan Brothers, Inc.*, 134 Misc. 155; *Zazlow* v. *Hartford Accident Co.*, 11 N. Y. S. 2d 313.) II. The condition inserted by defendant in plaintiff's policy limiting the time within which to bring this action to two years after the recovery of the Mandel judgment is no bar, (a) to plaintiff's first cause of action, on the policy, because this action was brought

within two years, after plaintiff first knew of the Mandel judgment, (b) to the second cause of action, *in quasi* contract, and the third cause of action, for breach of warranty of authority, both of which exist independently of the policy and are governed by the six year statutory limitation. (*Syracuse Lighting Co.* v. *Maryland Casualty Co.*, 226 N. Y. 25; *Creem* v. *Fidelity & Casualty Company*, 141 App. Div. 493, 206 N. Y. 733; *Western Un. Tel. Co.* v. *Czizek*, 264 U. S. 281; *MacDonald* v. *Western Union Telegraph Co.*, 176 Misc. 422; *Oehme* v. *Johnson*, 181 Minn. 138.) III. Appellant's damages are the amount of the Mandel judgment which remains unpaid and unsatisfied. (*755 Seventh Ave. Corp.* v. *Carroll*, 266 N. Y. 157; *Rector, etc. of Trinity Church* v. *Higgins*, 48 N. Y. 532; *Saratoga Trap Rock Co.* v. *Standard Accident Ins. Co.*, 143 App. Div. 852; *Cummings & Co.* v. *American Mutual Liability Ins. Co.*, 146 Misc. 621; *Matter of National Surety Co.*, 29 N. Y. S. 2d 1011, 286 N. Y. 611; *Seymour* v. *S. F. C. Assn. et al.*, 144 N. Y. 333; *Hauben* v. *Morris*, 5 N. Y. S. 2d 721; *Inglehart* v. *Thousand Island Hotel Co.*, 32 Hun 377.)

*William B. Shelton* and *William J. McArthur* for respondent. I. The defendant was not liable to the plaintiff for any loss sustained by the latter as a result of the judgment against it of the Mandel Building Company. (*Zazlow* v. *Hartford Indemnity Insurance Company*, 11 N. Y. S. 2d 313; *Draper* v. *Oswego Co. Fire Relief Assn.*, 190 N. Y. 12; *Ray* v. *Canton Co-operative Fire Ins. Co.*, 286 N. Y. 405; *Morrison* v. *Royal Indemnity Co.*, 180 App. Div. 709; *Morris & Co., Inc.*, v. *Lumber Mut. Casualty Ins. Co.*, 163 Misc. 715.) II. The plaintiff was barred by the two year period of limitations contained in the insurance policy from asserting its claim against the defendant.

CONWAY, J. We have presented to us the question whether, when an insurance company has knowledge of a cross complaint against its assured involving a risk not covered by the policy and fails to notify the assured of the existence of the cross complaint and fails to disclaim liability, but on the contrary defends the action, and thereafter fails to notify the assured of the entry of a judgment based on the cross complaint, may the assured recover its damages despite the noncoverage

of the policy and despite the fact that the two-year period of limitations contained in the policy has elapsed, when the assured had no knowledge of the entry of the judgment against it.

The plaintiff assured (hereinafter referred to as Moore) was a subcontractor on the construction of certain buildings in the city of New York back in 1929. The general contractor was Henry Mandel Building Company, Inc. (hereinafter referred to as Mandel). The defendant wrote for plaintiff a policy known as contractors' public liability policy, insuring plaintiff against loss from liability imposed by law for damages on account of bodily injuries, including death, accidentally suffered by person or persons other than employees of the assured.

While that policy was in force a member of the public, one Erleman, was injured near the premises under construction. He commenced an action naming Mandel and Moore as defendants. When the summons and complaint were served upon Moore, it forwarded those papers to the defendant. The defendant, through its attorneys, undertook the defense of the action. Thereafter Mandel served upon those attorneys an answer containing a cross complaint by which judgment was sought against Moore in the event that recovery was had against Mandel. That cross complaint was based upon provisions in the contract between Mandel and Moore, part of which read as follows: " Sub-Contractor shall indemnify and save Owner, Architect and Contractor harmless against all claims for damages to persons growing out of the execution of the work."

The defendant never notified Moore that the cross complaint had been interposed and did not disclaim liability thereon.

When the personal injury action came to trial the complaint against Moore was dismissed during the trial but the jury returned (1) a verdict against Mandel and (2) a verdict against Moore in favor of Mandel, for the same amount, on the cross complaint. That judgment against Moore was entered on October 5, 1933.

The defendant's policy excluded from coverage: " Liability of others assumed by the Assured under any contract or agreement, oral or written." It further provided: " Condition H No action shall lie against the Company to recover for any loss under this policy unless brought within two years after

the amount of such loss is made certain either by judgment against the Assured after the trial of the issue, or by agreement between the parties with the written consent of the Company."

There was thus no coverage, under the terms of the policy, of the subject matter of the cross complaint. The theory of Moore in the instant action is that the defendant waived and extended the provisions of its policy by reason of its failure to disclaim or deny liability and by undertaking to defend Moore against the cross complaint and that the defendant is now estopped by its conduct from asserting the exclusory provisions of the policy and the provisions limiting to two years the time for bringing an action on the policy. The court reserved decision on the question whether the policy of the defendant had been enlarged by waiver or by estoppel but submitted to the jury the question whether Moore learned of the judgment against it prior to April, 1937. Witnesses for Moore had testified that the defendant had never given notice of the entry of a judgment against it in favor of Mandel and that Moore had no knowledge of the entry of the judgment from any other source prior to April, 1937. On that issue the jury found for Moore.

On the question of waiver and estoppel the trial court dismissed the complaint on the reserved motion upon the ground that there had been no waiver of the exclusory clauses and no estoppel because Moore had not been prejudiced by the failure to notify it of the cross complaint.

It seems to us quite clear that, in the language we used in *Gerka* v. *Fidelity & Casualty Co.* (HUBBS, J., 251 N. Y. 51), the conduct of the defendant here " was inconsistent with its later claim of non-liability under the policy. When it proceeded with the defense of the negligence action, with knowledge of its claimed defense under the policy, it made its election and estopped itself from now urging that defense." So, also, in *Rosenwasser* v. *Globe Indemnity Co.* (224 N. Y. 561) we held that where the insurer in an indemnity policy entered upon and exclusively conducted the defense of an action brought against the assured, with full knowledge of all the facts, it could not thereafter assert that the claim for damages was not covered by the policy. Treating the action of the defendant here as

constituting an estoppel to now assert noncoverage, we think it was unnecessary, under the facts disclosed here, for the assured to show prejudice to it by the insurer's conduct. (*Kearns Coal Corp.* v. *United States Fidelity & Guar. Co.* (CLARK, J.), 118 F. 2d 33, 36 [Circuit Court of Appeals, 2nd Cir.]; *Royle Mining Co.* v. *Fidelity & Casualty Co.*, 126 Mo. App. 104.) In the *Kearns'* case (p. 36) it was said: " It is true that, where the insurer has retained control of the insured's defense to final judgment or to a settlement, many authorities hold that prejudice is presumed or that the assumption of control is a waiver of rights or an election. *Royle Min. Co.* v. *Fidelity & Casualty Co.*, 126 Mo. App. 104, 103 S. W. 1098; *Malley* v. *American Indemnity Corp.*, 297 Pa. 216, 146 A. 571, 81 A. L. R. 1322; *Humes Const. Co.* v. *Philadelphia Casualty Co.*, 32 R. I. 246, 79 A. 1, Ann. Cas. 1912D, 906; see 81 A. L. R. 1357. While there are cases the other way, *American Cereal Co.* v. *London Guarantee & Acc. Co.*, 7 Cir., 211 F. 96; *Lunt* v. *Aetna Life Ins. Co.*, 261 Mass. 469, 159 N. E. 461, the New York decisions seem to tend that way without precise statement of the rule. *Rosenwasser* v. *Globe Indemnity Co.*, 224 N. Y. 561, 120 N. E. 875; *Gerka* v. *Fidelity & Casualty Co. of New York*, 251 N. Y. 51, 167 N. E. 169; *Rosenbloom* v. *Maryland Casualty Co.*, 153 App. Div. 23, 137 N. Y. S. 1064; *Utterback-Gleason Co.* v. *Standard Accident Ins. Co.*, 193 App. Div. 646, 184 N. Y. S. 862, affirmed 233 N. Y. 549, 135 N. E. 913. * * *."

In the *Royle Mining Company* case (*supra*) the insurance company had taken control of the defense although its policy did not cover the risk and did not attempt to disclaim liability until after judgment had been entered. There it was said: "* * * It is immaterial whether plaintiff could or would have compromised the action had it been left free to act, or whether it could have achieved any better results had it controlled the defense. The principle on which defendant should be held liable is that which estops a party from taking a position inconsistent with one previously assumed by him, and to the prejudice of a third person. [*Tozer* v. *Insurance Co.*, 94 Minn. 478.] Defendant will not be permitted to serve one purpose by taking a position, as it did throughout the progress of the McDaniels suit, that the liability of plaintiff

was one it would recognize as covered by the policy, and then after using that position to the detriment of plaintiff, change front by denying all liability. Plaintiff must be presumed to have been prejudiced by such conduct and need not be put to the proof that it could have achieved better results had defendant not interfered.   *   *   *.''

It is urged that it would have been impracticable to defend Moore against the complaint of Erleman without also defending it against the cross complaint of Mandel. That argument lacks merit. There were in reality two separate actions — one in *tort,* the other in contract. The plaintiff could have engaged other counsel to co-operate with the insurer's attorneys, as was apparently done in *Brassil* v. *Maryland Casualty Co.* (147 App. Div. 815, affd. 210 N. Y. 235), or might have taken over the entire defense of the action and achieved for itself a better result. However, the question here is not whether the defenses could have been divided but whether the insurer should have notified Moore of the fact that there was a cross complaint. There would have been nothing impracticable about that.

Since plaintiff did not know of the cross complaint, as the jury found on conflicting evidence, the period of limitation for the bringing of an action contained in the insurance contract is not applicable. (*Western Un. Tel. Co.* v. *Czizek,* 264 U. S. 281; *Syracuse Lighting Co.* v. *Maryland Casualty Co.,* 226 N. Y. 25.)

The purchase of the judgment from Standard Surety and Casualty Company by an officer of Moore for less than its face amount and the collection of the full amount thereof is permissible. (*Seymour* v. *S. F. C. Assn. et al.,* 144 N. Y. 333.)

The judgments should be reversed and a new trial granted, with costs to abide the event.

LOUGHRAN, RIPPEY, LEWIS, DESMOND and THACHER, JJ., concur; LEHMAN, Ch. J., dissents on the ground that the evidence establishes notice to the plaintiff as matter of law.

Judgments reversed, etc.