**AMERICAN RE-INSURANCE CORPO-RATION, Appellant,**

v.

**Lester T. DOYLE, As Trustee of Debtor Surface Transportation Corporation of New York and Helen C. Craig, Appellees.**

No. 255, Docket 25138.

United States Court of Appeals Second Circuit.

Argued April 16, 1959.

Decided May 6, 1959.

Reilly & Reilly, New York City, for appellant, John G. Reilly and Harold V. McCoy, New York City, of counsel.

Saxe, Bacon & O'Shea, New York City, for appellee Lester T. Doyle as trustee, Edward D. Burns, John A. Kiser, New York City, of counsel.

Samuel Justin Jackman, New York City, for appellee Craig, Paul A. Crouch, New York City, of counsel.

Before CLARK, Chief Judge, and SWAN and MOORE, Circuit Judges.

PER CURIAM.

This is an appeal from an order made in reorganization proceedings pursuant to Chapter X of the Bankruptcy Act, 11 U.S.C.A. § 501 et seq., which directed the appellant to pay to appellee Helen C. Craig the sum of $10,000 with interest thereon from April 14, 1952. On that date there was entered in the Supreme Court, County of New York, in favor of Mrs. Craig a consent judgment for $20,-000 plus interest, against both Third Avenue Transit Corporation and Surface Transportation Corporation of New York whom she had sued to recover for personal injuries sustained in an accident that occurred on January 4, 1947. On the date of the accident, Surface was a self insurer up to $10,000. Any excess liability up to $50,000 was insured un-

der a contract with appellant containing notice provisions with which appellant contends the insured failed to comply.

Judge Dimock gave several reasons for his order directing payment of the Craig judgment, only one of which need be considered on this appeal, namely, his finding that the appellant insurance company had authorized a settlement for the amount of the consent judgment. This finding turned upon the credibility of witnesses who were seen by the District Judge and were extensively cross-examined. His acceptance of the testimony and memoranda of Mr. Ruddy in preference to the testimony and memorandum of Mr. Wise we cannot hold to be "clearly erroneous." See Hedger v. Reynolds, 2 Cir., 216 F.2d 202, 203. Having authorized the settlement the insurer is estopped from later asserting non-liability under its policy. Moore Construction Co. v. United States Fidelity & Guarantee Co., 293 N.Y. 119, 123, 56 N.E.2d 74, 153 A.L.R. 952.

Order affirmed.