Hugh S. Coyle, J.
This is a motion to compel arbitration brought by an insured person against his own insurance company to settle and adjust a claim for damages sustained as a result of being struck while a pedestrian by an uninsured motorist. The accident occurred October 24, 1959 and the effective date of the insurance policy issued to petitioner was January 11, 1959. Since the effective date of the insurance policy was subsequent to January 1, 1959, the claim of the insured for damages sustained as a result of an accident with an uninsured motorist would ordinarily be brought to the Motor Vehicle Accident Indemnification Corporation (Insurance Law, art. 17-A), (hereinafter referred to as MVAIC). In the instant case the insured received a policy of insurance from the respondent and this policy contained a provision for protection against uninsured motorists. In the policy it was provided that such claims would ordinarily be settled and adjusted by the respondent. Here it should be noted that the insured claims his policy contained such a provision and attaches the policy to his moving papers. Respondent, on the other hand attached and made a part of the opposition to this motion a “ rider ” of “ endorsement ” which it is alleged was sent to the insured. The provisions of this rider or indorsement are in part as follows: “ 1. Damages for Bodily Injury Caused by Uninsured Automobiles: MVAIC will pay all sums which the insured * * * shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile ”. The provisions of the policy and the indorsement are almost identical with the exception that the policy states that the respondent will pay the damages and the indorsement states that MVAIC shall pay. It should also be noted that the insured denies that he ever received a copy of the indorsement. Be that as it may, the insured notified the respondent within SO days from the date of the accident that he was making a claim against it under his policy as a result of the accident. Following this notification respondent insurance company assigned an adjuster to investigate the claim and now contends that this procedure is routine to obtain sufficient information to settle other possible claims. However, the facts in this case Aveigh heavily against such contention. The respondent sought and *779 received information concerning injuries of the petitioner, including hospital records, medical reports, medical bills, doctors’ bills and other information including MY 104, which information almost exclusively pertained to the claim of the insured. In addition, counsel for respondent in oral argument before the court made much of the fact that efforts by the insurance company to obtain a written statement from the petitioner were unsuccessful. It is difficult to imagine what “other” claims the respondent anticipated when petitioner’s claim against it was for personal injuries sustained as a result of being-struck by this uninsured vehicle. Petitioner was a pedestrian on the highway.
If the respondent was to deny liability for bodily injury arising out of a motor vehicle accident occurring within this State, it should have given written notice as soon as reasonably possible (Insurance Law, § 167, subd. 8). This obligation is certainly of prime importance in the instant case because of the relationship between the parties. Admitted that the claim of the insured was one which should have been brought to the MYAIC for settlement and adjustment, because of the conduct of the agents of the respondent the insured did not receive notification of denial of coverage until approximately two and one-half months from the date respondent received notice of claim. During this period of time respondent acted as if it were adjusting petitioner’s claim in accordance with the provisions in its form of policy. During this period of time the time within which petitioner could have properly presented his claim to the MYAIC expired. The claim of petitioner, in the first instance, should have been investigated by the MYAIC in accordance with subdivision C of section 606 of the Insurance Law. The respondent failed in its duty to its insured to fully notify him that such claim should have been so handled. Such failure and conduct of the respondent contravenes the requirements of subdivision 8 of section 167 of the Insurance Law which requires an insurer to give written notice as soon as is “reasonably possible” in the event the insurer shall disclaim liability or deny coverage for death or bodily injury arising out of an automobile accident occurring in this State. This delay on the part of the respondent to notify its insured that it denied coverage obviously deterred the insured from having his claim presented to the proper party within the proper time. The fact that the insurer continued to use its same policy form subsequent to January 1, 1959 wherein the protection against uninsured motorists is provided as a part of the company’s responsibility no doubt caused confusion and *780 this together with an apparent assumption of responsibility-provided for in the said clause worked a hardship upon the insured person. Respondent herein assumed the responsibility of adjusting the claim of the petitioner; and as difficulty exists in settling their differences petitioner’s motion to compel arbitration is granted.