■ In the Matter of the Arbitration between JOHN P. GALLAGHER, Respondent, and GOVERNMENT EMPLOYEES INSURANCE COMPANY, Appellant.— In a proceeding to compel arbitration, Government Employees Insurance Company, the insurer herein, appeals from an order of the Supreme Court, Westchester County, dated September 29, 1960, directing that arbitration proceed in accordance with the provisions of a policy of automobile liability insurance issued by said insurer to petitioner. Order reversed, with $10 costs and disbursements, and matter remitted to the Special Term for further proceedings not inconsistent herewith. Petitioner, with respect to his claim for damages sustained as a result of being struck by an uninsured motorist, sought arbitration as provided in the insurance policy. The insurer disclaimed liability on the ground, in effect, that the policy provision was superseded by the provisions of chapter 759 of the Laws of 1958, which became effective on January 1, 1959, shortly before its policy was issued, and which made the Motor Vehicle Accident Indemnification Corporation the source of payment for injuries caused by uninsured motorists. The learned Special Term held, in substance, that the insurer was estopped to disclaim liability, since it led petitioner to believe that it was investigating his claim with a view to its adjustment, and since it did not reject his claim until after the time had expired within which his claim against the Motor Vehicle Accident Indemnification Corporation should have been filed. In our opinion, while the doctrine of estoppel may properly be invoked by petitioner (cf. *Gibson Elec. Co.* v. *Liverpool & London & Globe Ins. Co.*, 159 N. Y. 418, 426; *Moore Constr. Co.* v. *United States Fid. & Guar. Co.*, 293 N. Y. 119, 123; *Ashland Window & Housecleaning Co.* v. *Metropolitan Cas. Ins. Co.*, 269 App. Div. 31, 36; *Merchants Mut. Cas. Co.* v. *Wildman*, 12 A D 664), the question of whether the insurer's conduct was in fact such as to estop it from disclaiming liability, is one which cannot be determined on the conflicting affidavits and papers contained in the record (cf. *Gibson Elec. Co.* v. *Liverpool & London & Globe Ins. Co.*, supra; *Ashland Window & Housecleaning Co.* v. *Metropolitan Cas. Ins. Co.*, supra). The questions of fact with respect to the enforcibility of the contract for arbitration and with respect to its breach may be decided only after a trial (cf. *Matter of Kahn* [*Nat. City Bank*], 284 N. Y. 515, 523; *Matter of Settineri* [*Jacobs*], 5 A D 2d 885; Civ. Prac. Act, § 1450). Nolan, P. J., Beldock, Ughetta, Kleinfeld and Pette, JJ., concur. [25 Misc 2d 777.]