## COMMERCIAL STANDARD INS. CO. v. BLANKENSHIP et al.

### No. 26.

District Court, M. D. Tennessee, Nashville Division.

Sept. 3, 1941.

Cate & Cate, and John C. Sandidge, of Nashville, Tenn., for Ins. Co.

Joe L. Jenkins and C. W. Tuley, both of Nashville, Tenn., for defendants.

DAVIES, District Judge.

This action having been tried by the Court without a jury, the Court hereby makes the following findings of fact and conclusions of law:

### Findings of Fact

1. On September 1, 1938, the complainant, the Commercial Standard Insurance Company of Fort Worth, Texas, issued its automobile liability policy to the defendant Helen Hester, covering one 1935 Model Plymouth Automobile Sedan, Motor # PJ-47986. Under said policy Numbered AL487036 complainant insured and agreed to pay on behalf of insured, all sums which the insured should become obligated to pay by reason of the liability imposed on her by law for damages; including damages for care and loss of services because of bodily injury, including death at any time resulting therefrom sustained by any person or persons caused by accident and arising out of the ownership, maintenance or use of the automobile, not to exceed, however, the sum of $10,000 for personal injuries for each person, and $20,000 for each accident, and a limit of $5,000 for property damage liability.

2. Item 5 of the policy provided as follows: "The purposes for which the automobile is to be used are pleasure and business. (a) The term pleasure and business is defined as personal, pleasure, family and business use, excluding any commercial delivery. (b) The term commercial is defined as the transportation or delivery of goods, merchandises or other material and uses incidental thereto in direct connection with the named insured's business occupation as expressed in Item I. (c) Use of the automobile for the purposes stated includes loading and unloading thereof."

3. At the time the policy in question was issued, and at all times during the life of the policy which expired one year from date thereof, the defendant Helen Hester, was employed as a clerk for the Richland Market, a grocery concern located at Nashville, Tennessee. During the month of October, 1938, the defendant Helen Hester formed a partnership with her co-defendant, J. K. Wakefield, for the purpose of carrying on a general dry cleaning business under the firm name and style of Jackson Park Dry Cleaners, with its principal place of business located on Gallatin Road in Nashville. This business was operated by the defendant Wakefield, Miss Hester retaining her position with the Richland Market, and having nothing to do with the operation of the business of the Jackson Park Dry Cleaners.

4. After the Jackson Park Dry Cleaners opened for business, the automobile in question was used primarily and the greater part of the time for the purpose of making deliveries of dry cleaning to customers; and also for picking up work and taking it to the plant. Usually, every morning, the defendant Wakefield would drive Miss Hester to her work in the automobile, then take it back to the plant and use it all day for the purpose of picking up and delivering dry cleaning, possibly going to the Richland Market after business hours in the afternoon, where he would pick up Miss Hester and drive her home. On other occasions Miss Hester and her family would use the automobile for the purposes of pleasure.

5. On December 23, 1938, at about 6 o'clock P.M. the defendant Fred Stilz, who was employed as deliveryman by the Jackson Park Dry Cleaners, while driving the Plymouth Sedan in question on the Gallatin Road, collided with the defendant Mrs. W. G. Blankenship, a pedestrian, and the said Mrs. Blankenship sustained certain personal injuries. The defendant Stilz, at the time of the accident, was using the automobile in question for the purpose of making deliveries of dry cleaning and laundry for the Jackson Park Dry Cleaners. To recover damages for the injuries so sustained, Mrs. Blankenship instituted suit on December 28, 1938, in the Circuit Court of Davidson County against her co-defendants Herein, J. K. Wakefield, Helen Hester and Fred Stilz, seeking to recover damages for personal injuries in the sum of $10,000.

On the same date her husband, the defendant W. G. Blankenship, brought suit against the aforesaid co-defendants to recover damages in the sum of $5,000 for the loss of services, expense, etc., incident to the injury to his wife.

6. Complainant company was notified promptly of the accident by defendant Hester, and on December 27, 1938, Mr. Wilson West, an attorney of the Nashville Bar, acting on behalf of the complainant, the Commercial Standard Insurance Company, made an investigation of the facts pertaining to the accident, and took written statements from the defendants Helen Hester and Fred Stilz. In the statements given by Miss Hester it was specifically stated

that the car had been in use at the Jackson Park Dry Cleaners as a pickup and delivery car almost all the time since the Jackson Park Cleaners opened their business in October. These statements were transmitted to the home office of the complainant Insurance Company by the local attorneys. On or about January 12th., 1939, Mr. West also obtained from Mr. Tully, an attorney representing Mrs. Blankenship, a letter setting out in substance the injuries received by Mrs. Blankenship, and on February 8, 1939, Mr. West, at the request of the Complainant Company took another statement from Mr. Stilz covering substantially the same matters recited in his previous statement, together with some additional facts.

7. After Mrs. Blankenship and her husband instituted suit against Miss Hester on December 28, 1938, Miss Hester promptly notified the Complainant Company that service of the summons of the suit in question had been made upon her. Miss Hester heard nothing further from the Complainant Company, and was not notified by it that the Company would not defend the suit brought against her in the Circuit Court by the Blankenships, nor was any intimation made to her during this time by the Company that it disclaimed liability under the policy until this suit was filed against her by the Complainant Company on March 6, 1939. Neither did Complainant Company cancel the policy after the accident, but allowed it to remain in force until it expired, presumably retaining the premium it collected from issuing the policy.

8. The Court finds that at the time. Mrs. Blankenship received injuries from being struck by the automobile belonging to the defendant Hester, driven by the defendant Stilz, and covered by the policy in question issued by Complainant Company, that automobile was being used for the purpose of making commercial deliveries and had been so used for a period of more than two months; and that this fact was learned by Mr. West when he investigated the accident in question on December 28, 1938, approximately five days after the accident, which information was thereupon in due course promptly made known to the Complainant Company.

9. The defendants to this suit, Mr. and Mrs. W. G. Blankenship, Helen Hester, J. K. Wakefield and Fred Stilz, are all residents of Davidson County, Tennessee.

## Conclusions of Law.

1. The Court is of the opinion that it has jurisdiction of the cause; that this is a proper case for the entry of a declaratory judgment, and that an actual controversy exists between the parties. The amount involved is in excess of $3,000, exclusive of interest and cost, and there is a diversity of citizenship, and under the facts and law of the case, it is proper for the Court to exercise its discretion and grant a declaratory judgment.

2. The Court is of the opinion that the Plymouth Automobile in question belonging to the defendant Hester and covered under policy #AL487036, was being operated at the time of the accident in question and had been so operated for several months prior thereto for the purpose of making commercial deliveries in direct violation of the stipulation contained in item 5 of the policy, and that this commercial use was not incidental or temporary.

3. The Court is of the opinion that the complainant Company upon receipt of notice informing them that the automobile was being used in violation of the terms of the policy, especially where the facts in that connection were clear and undisputed, the Company was under the duty of promptly notifying the assured that the accident in question was not covered by the policy, and that the Company would not defend the suit which had been brought, and that a failure on the part of the Company to disclaim liability for more than two months after suit was brought, operates as an estoppel and a waiver of the breach of the conditions of the policy. In such cases especially where suit has been brought and the Company is bound to defend said suit under the terms of the policy, it is the duty of the Company to act promptly in disclaiming liability; especially where the Company, upon learning of the wrongful use of the automobile, took no steps to cancel the policy, but allowed it to remain in effect for more than eight months after receiving knowledge of this fact.

4. If an insurer under an automobile liability policy wishes to disclaim liability, upon grounds which it thinks sufficient for such action, and to withdraw from any suit instituted against the assured, or refuses to take further steps in defense thereof, it must inform the assured promptly of its intention and liberate him to make

defense in his own behalf, otherwise, the assured may lose substantial rights when he surrenders, as he must, to the insurance carrier, the conduct of the case.

5. The Court is of the opinion that the complainant Company is liable to the defendant Helen Hester to defend for and on her behalf, the suits brought against her by Mr. and Mrs. C. W. Blankenship, and under the terms and provisions of the policy in question, is liable to the said Helen Hester for the payment of any judgment which may be obtained by Mrs. Blankenship against her up to the amount of $10,-000 for personal injuries, and by Mr. Blankenship up to the amount of $5,000 for loss of services, etc.

6. The Court is of the opinion that it is without power to grant the injunction prayed for in view of the provisions of Section 265 of the Judicial Code, 28 U.S.C.A. § 379.

A declaratory judgment will be entered in conformity herewith.