ASHLAND WINDOW & HOUSECLEANING Co., INC., Appellant, *v.* METROPOLITAN CASUALTY INSURANCE COMPANY OF NEW YORK, Respondent, et al., Defendants.

First Department, March 9, 1945.

*Henry Cohen* for appellant.

*Sidney J. Loeb* of counsel (*Charles H. Lane* with him on the brief; *Leo F. Potts,* attorney) for respondent.

COHN, J. This action was brought by the insured under a public liability policy issued by defendant Metropolitan Casualty Insurance Company of New York (hereafter called " Metropolitan "). Defendant denied liability on the ground, among others, of noncoverage.

Plaintiff, Ashland Window & Housecleaning Co., Inc., (hereafter called " Ashland ") was under contract in 1937 with the American Chicle Company (hereafter called " Chicle ") to do its window cleaning. In October of that year, Leroy Burris, an employee of plaintiff, while engaged in cleaning the windows at the premises of Chicle, was injured by a fall caused by the parting of a rope which supported one side of a scaffold upon which he was working.

Workmen's compensation insurance was carried by plaintiff in the State Insurance Fund for protection against personal injury claims by its own employees. Plaintiff also carried the policy involved in this suit. That insurance covered any loss by reason of liability imposed by law upon it on account of bodily injuries sustained by any persons, except employees. Having the two forms of insurance, plaintiff believed that it was fully protected against loss from liability for damages on account of bodily injuries.

Upon the occurrence of the accident here, plaintiff caused notice to be given to its compensation carrier, which thereupon proceeded to make regular payments to Burris, who accepted them.

The injured man on June 9, 1939, nevertheless instituted suit against Chicle in the United States District Court for the Eastern District of New York for damages, charging that the accident was due to the latter's negligence. On October 26, 1939, Chicle procured an order ex parte authorizing it to file a summons and cross claim against plaintiff Ashland. Chicle thereupon joined plaintiff Ashland as a third party defendant by serving upon Ashland the original complaint and a cross claim on November 2, 1939. In the claim over it was asserted that plaintiff Ashland would be liable for any recovery had by Burris against Chicle. Four days later, Ashland forwarded the cross complaint, together with a copy of the Burris complaint, to the defendant Metropolitan. Without reservation of any kind, Metropolitan assumed exclusive control of the defense

of the cross claim. Through its attorney it served an answer on behalf of Ashland on December 7th; it interviewed one of the officers of plaintiff, who was at the Chicle plant on the day of the accident, and on January 18, 1940, it accepted service of a bill of particulars which it had theretofore demanded.

On January 23, 1940, and without previous warning, Metropolitan repudiated liability upon the ground that its policy did not cover this claim, returned the papers in its possession to plaintiff and withdrew from the litigation. At that time the case was at the top of the calendar of the Federal District Court, where it had been two weeks or more, and had been marked " Ready " for trial. Plaintiff immediately retained a private attorney who was able to secure from the court an adjournment of the case only until February 7th, when the trial began. In the interval during which Metropolitan had the defense under its sole charge, it had made no move to question whether Ashland had been properly joined in the action; it had not sought a settlement of the Burris action; nor had any steps been taken to obtain a contribution from the insurer of Chicle in order to effect an adjustment of the entire litigation.

Trial in the Federal Court resulted in a verdict in favor of Burris against Chicle in the sum of $35,000, which the court reduced to $20,000. (*Burris* v. *American Chicle Co.*, 33 F. Supp. 104.) A verdict in the latter sum was rendered over in favor of Chicle against plaintiff and a judgment entered thereon against plaintiff for $20,852.37. Both judgments were affirmed on appeal to the Circuit Court of Appeals for the Second Circuit in the year 1941. (*Burris* v. *American Chicle Co.*, 120 F. 2d 218.)

In this action Ashland sues for the amount of that judgment and for its expenses incurred in defending the suit. It does so upon the theory that defendant's conduct in assuming and controlling the defense of the cross claim of Chicle against Ashland and thereafter abandoning it upon the eve of trial, irrevocably prejudiced the plaintiff's position and estops defendant from asserting that there was no coverage for the claim under its policy of insurance with Ashland.

Upon the trial here plaintiff offered proof of prejudice caused by delay on the part of defendant Metropolitan in repudiating liability after having conducted the defense for a period of over two and one-half months. The chief claims were as follows: (1) Ashland was forced to proceed with the trial in the Federal Court without sufficient preparation. Plaintiff's private attorney testified that it was impossible for him to adequately prepare its defense, namely, that the accident occurred not

through any neglect on the part of Ashland but rather because of some malicious act of men on strike who had cut the rope connected with the scaffold, resulting in the employee's injury. (2) Ashland was deprived of a reasonable opportunity to work out a settlement between Chicle, Ashland and Burris, which it might have accomplished had Metropolitan repudiated its liability within a reasonable time after it accepted the defense of the cross claim from Ashland. (3) Ashland was denied an opportunity of avoiding the law suit by a motion to vacate the ex parte order authorizing service of the cross complaint upon it. (4) Ashland's position had been substantially prejudiced during the interval when Metropolitan had the defense in its charge by reason of Ashland's inability to have produced in evidence the rope which was attached to the scaffold on the date of the accident. Plaintiff offered proof that this rope had been abandoned at the New York World's Fair grounds the end of October, 1939; that if it had been required to undertake its own defense without unnecessary delay, this rope might have been preserved for use upon the trial.

After defendant rested without offering any evidence, the trial court directed a verdict in favor of defendant upon the ground that " there is no evidence whatever to justify any finding that there was any injury by delay in returning the papers." In our view this was error.

A mere examination of the Burris complaint, the cross claim of Chicle and of defendant Metropolitan's policy of insurance with Ashland could have revealed to defendant on November 6, 1939, that its policy did not cover the accident here. No explanation has been offered for the long lapse thereafter before the disclaimer. When an insurer wishes upon proper grounds to disclaim liability, it must inform the assured promptly of such intention and liberate the latter to make defense in his own behalf. (*Commercial Standard Ins. Co.* v. *Blankenship*, 40 F. Supp. 618.) In *Rosenbloom* v. *Maryland Casualty Co.*, 153 App. Div. 23, at page 25, this court stated the law as follows: " the complaint   *   *   *   disclosed precisely the nature of his claim and the ground upon which he sought to hold the owners liable, so that when the defendant assumed the defense of the action it had every means of ascertaining whether or not the loss was one for which it was liable under its policy. It is perfectly well settled that under such circumstances, an insurer who has, with full knowledge, undertaken the defense of an action, and deprived the assured of any control of it, will be deemed estopped to deny that the accident was within the terms of the policy."

Mere delay in making a disclaimer is not enough, but where prejudice to the insured as a result of unreasonable delay in disavowing is shown by adequate proof, the insurer is estopped to assert noncoverage and becomes liable. (*Lavine* v. *Indemnity Ins. Co.*, 260 N. Y. 399, 409; *McAleenan* v. *Mass. Bonding & Ins. Co.*, 232 N. Y. 199; *Glens Falls P. C. Co.* v. *Travelers' Ins. Co.*, 162 N. Y. 399; *Moore Constr. Co.* v. *U. S. Fidelity & Guarantee Co.*, 293 N. Y. 119; *Kearns Coal Corp.* v. *United States Fidelity & Guar. Co.*, 118 F. 2d 33, 36.)

Whether defendant after assuming the defense of Chicle's cross claim against plaintiff had unreasonably delayed in disclaiming responsibility and whether such conduct, if established, resulted in prejudice to plaintiff's interests and thus estopped defendant from denying that the loss in question was covered by the policy, in the circumstances of this case, we think were questions of fact for a jury to determine. (*Gerka* v. *Fidelity & Casualty Co.*, 251 N. Y. 51, 56; *Glens Falls P. C. Co.* v. *Travelers' Ins. Co.*, *supra*; *Rosenwasser* v. *Globe Indemnity Co.*, 183 App. Div. 882, affd. 224 N. Y. 561; *Sachs* v. *Maryland Casualty Co.*, 170 App. Div. 494, 497; *Rosenbloom* v. *Maryland Casualty Co.*, *supra*, at p. 25.)

For the foregoing reasons the judgment should be reversed and a new trial ordered, with costs to the appellant to abide the event.

DORE, J. (dissenting). The policy did not insure plaintiff against the claim which is now being asserted since injuries to an employee were specifically excepted.

The order authorizing service of the cross complaint could not be vacated. (*Westchester L. Co.* v. *Westchester C. S. E. Corp.*, 278 N. Y. 175.)

With regard to claimed prejudice by reason of lack of opportunity to settle the case the following facts are not disputed: Plaintiff's attorney after receiving the papers obtained an adjournment of the trial from January 29th to February 7th and never thereafter asked for any further adjournment; the Burris trial started February 7th but the defense did not begin until February 16th, almost a month after defendant had disclaimed. Apart from speculation, could the jury say plaintiff did not have opportunity to settle in that period of time?

When the insurer retains control of the defense to judgment the insured need not show prejudice, but it is presumed. (*Moore Constr. Co.* v. *U. S. Fidelity & Guarantee Co.*, 293 N. Y. 119, 124.) By such action the insured is deprived of any control of its own case until the judgment has gone against it. (*Rosen-*

*bloom* v. *Maryland Casualty Co.,* 153 App. Div. 23, 25.) That is not the fact in this case. Here the insurer did not receive the papers until the *Burris* case was on the Day Calendar and returned them about a month before this plaintiff had to adduce evidence on its defense at that trial. Here the insured conducted its own defense.

Under the facts disclosed, it was necessary for the insured to show prejudice by the insurer's conduct. The record of the trial in the Federal court in which Burris, the injured man, was plaintiff, was offered and received in evidence in this trial. There this plaintiff contended that the accident occurred because of sabotage in a strike. Burris denied this and claimed that the rope that broke was an old, worn rope this plaintiff directed him to use after he had called attention to its worn condition. Plaintiff's rope remained in the police station nearly a year after the accident. Thereafter plaintiff used the rope at the World's Fair during 1939 and when the Fair closed at the end of October, 1939, plaintiff abandoned the rope there as " worthless ". All this occurred before defendant ever received the cross complaint on November 6, 1939. Apart from mere speculation could the jury find that, if defendant had disclaimed earlier, plaintiff would have found its " worthless " abandoned rope; or if found, that such rope would have changed the result? The *Burris* record shows that case was fully tried. Plaintiff's representative admitted on this trial that he could not name a single additional witness that could have been produced. Plaintiff failed to establish any specific facts from which the jury, apart from sheer speculation, could find prejudice.

Accordingly, I dissent and vote to affirm.

MARTIN, P. J., and UNTERMYER, J., concur with COHN, J.; DORE, J., dissents and votes to affirm in opinion in which CALLAHAN, J., concurs.

Judgment reversed and a new trial ordered, with costs to the appellant to abide the event.