Peter M. Daly, J.
This is an action for judgment declaring that the notice given to the plaintiff by its insured was not timely and that, therefore, the plaintiff is not liable under the terms of the policy of automobile liability insurance issued by the plaintiff. The accident which resulted in personal injuries to the defendant Reggiani occurred on December 31, 1952. The first notice thereof received by the plaintiff was on March 31, 1953 approximately 90 days later when the broker for the insured mailed to the plaintiff a copy of the summons and complaint which had been served upon it on March 26, 1953. On May 21, 1953 plaintiff wrote its insured that the reporting of its accident some three months after its occurrence constituted violation of the provision of the policy requiring written notice to be given by or on behalf of the insured to the company, or any of its authorized agents, as soon as practicable. The letter concluded: ‘ ‘ In view of this violation of the policy provision, the company is accepting the defense of this action under a full reservation of its rights and with the distinct understanding that it is not waiving any of its rights under the policy. In order to clear up the situation the company intends to institute an action for a declaratory judgment which will determine whether your *626 breach of this provision of the policy releases the company from any further obligation to you arising out of this accident. If you do not wish the company to defend the action in this manner, kindly communicate with me in writing within five days after receipt of this letter and advise me that the arrangements are unsatisfactory, in which event the defense of the action will be tendered to you. The acceptance of these papers and the proceeding with the defense are not to be construed as a waiver of any of the company’s rights and its proceeding with the defense is not to be construed as an act of estoppel.”
Subsequently, in a letter in reply to the plaintiff’s letter of May 21, 1953 the insured wrote: “ We therefore accept your offer that you continue with the defense of the case and that neither you nor we are waiving any of our rights under the policy.”
The insured concedes that it was under duty to give plaintiff prompt notice of the accident. It contends, however, that the plaintiff was under a similar duty promptly, after the receipt of the summons and complaint, to notify the insured that it was reserving its rights under the policy because of the lateness of the notice of the accident; that having failed to disclaim until some seven weeks after it had received the summons and complaint, plaintiff is estopped from enforcing the condition of the policy by which written notice of the accident as soon as practicable was required.
There can be no question that the delay of three months in notifying the plaintiff of the accident was unreasonable. (Vanderbilt v. Indemnity Ins. Co. of North America, 265 App. Div. 495.) This is particularly so since in the meantime the injured party had returned to his home abroad after demanding a settlement of $3,000 from the insured, or its employee who operated the automobile involved, and rejecting their offer of $1,000. It is also true that the plaintiff had notice of the accident when it received the summons and complaint in the action brought by the injured party and failed to notify the insured of its disclaimer until more than seven weeks later, in the meantime obtaining several extensions of time to answer the complaint, securing a police blotter and statements by the operator of the automobile in question. The foregoing, however, is insufficient to estop the plaintiff from enforcing the original condition in its policy with respect to reasonable written notice of the accident. As was pointed out by the Appellate Division, First Department in Ashland Window & Housecleaning Co. v. Metropolitan Cas. Ins. Co. (269 App. Div. 31, 36): “ Mere delay in making a disclaimer is not enough, but where prejudice to the *627 insured as a result of unreasonable delay in disavowing is shown by adequate proof, the insurer is estopped to assert non-coverage and becomes liable.”
The insured has failed utterly to show that any prejudice resulted from the plaintiff’s delay in disclaiming liability under the policy. There is no proof that thereby it lost an opportunity of settling the case directly with the injured person or his attorney. Indeed, it had unsuccessfully attempted to settle before suit was brought and before the plaintiff was notified of the accident. Consequently, the mere delay of seven weeks in disavowing coverage did not result in a change of position on the part of the insured or otherwise so prejudice its defense of the action as to estop the plaintiff from obtaining the decree it seeks.
Judgment in favor of the plaintiff is accordingly granted as prayed for in the complaint, but, without costs.
Settle judgment on notice.