Mario Pittoni, J.
The plaintiff requests a judgment declaring that the defendant Johnson has violated section 9 of the “ Conditions” of his insurance policy pertaining to “ Notice of Accident,” and that he is not covered by the policy with respect to a certain accident which occurred on July 25, 1955. Paragraph 9 reads as follows: When an accident occurs written notice shall be given by or on behalf of the insured to the company or any of its authorized agents as soon as practicable. Such notice shall contain particulars sufficient to identify the insured and also reasonably obtainable information respecting the time, place and circumstances of the accident, the names and addressses of the injured and of available witnesses.”
It appears that on July 25,1955, the defendant Johnson’s truck was involved in an accident with a boy on a bicycle. At the time, the only injury to the boy seemed to be a cut knee; in fact, the boy rode his bicycle home. Nevertheless, the defendant Johnson *691 immediately notified his insurance broker, Palminteri Agency, and made out a written MV 104 report in quadruple. Palminteri Agency then telephoned the information to the intermediate broker, Lundquist, Sampson Co., Inc., New York City, and immediately mailed a copy of the MV 104 report to Lundquist, Sampson Co. on July 29, 1955; but this report was by mistake attached to other correspondence that was being returned to defendant Johnson and was mailed back to him, on August 4, 1955, instead of to the plaintiff.
On September 7, 1955, Lundquist, Sampson Co. received from the defendant Johnson some doctors’ and hospital bills for the injured boy. Lundquist, Sampson Co. immediately telephoned the plaintiff about the bills, discussed the July 25, 1955 accident with the plaintiff, and then sent along a memorandum dated September 7,1955 in respect to the accident. This was received by the plaintiff the following day, September 8, 1955.
On September 14, 1955 the plaintiff’s representatives investigated the facts of the case and talked to the parents of the boy; but the plaintiff contends that it made no offer to settle and that no one was authorized to do so. However, it appears that two men representing the plaintiff approached the child’s parents two or three times in September, and also late October or early November, concerning the accident, the injuries and expenses. There is also a letter on the plaintiff’s letterhead signed by a “John Cavicclii, Adjuster,” addressed to the parents of the boy and received by them early in December, 1955. This letter said: “ Pursuant to our verbal agreement, we enclose herewith releases to be executed by you. Kindly affix your signature on the line indicated by the penciled cross-mark. Upon receipt of these releases we will send you our draft.”
To this letter there was added a writing calling upon the boy’s parents to sign the attached release and affidavit. The prospective release and affidavit was attached thereto. The latter document had a statement of facts as to the injuries and reasons for the ‘ ‘ full and complete settlement. ’ ’
Be that as it may, the boy’s parents did not sign the papers. They retained Joseph Tracy, an attorney. On December 29, 1955, Tracy notified defendant Johnson by mail that he had been retained. This letter was then sent on to Lundquist, Sampson Co., who passed it on to the plaintiff. Thereafter, on January 3, 1956, the plaintiff mailed its notice of disclaimer of liability to the defendant Johnson.
On March 8, 1956, the plaintiff instituted this action and now depends upon Deso v. London & Lancashire Ind. Co. of America *692 (3 N Y 2d 127) to sustain its position. In the Deso case the insured became aware of the fact that the injured person received his injury from a certain accident three and one-half months after the occurrence, and then did not notify the insurance company until 51 days after such discovery. The court said, “ In the present case a period of some 51 days intervened. An unexcused delay of that length constitutes a breach of condition as a matter of law ” (p. 130).
The Court of Appeals has previously held that when an excuse is shown for the delay, a question of whether notice was given “ as soon as practicable ” is one of fact for the jury (Rushing v. Commercial Cas. Ins. Co., 251 N. Y. 302, 304; Gluck v. London & Lancashire Ind. Co. of America, 2 N Y 2d 953). In the present case there was no jury; the court is the finder of fact.
Let us now analyze the impact of paragraph 9. It states, among other things, that the plaintiff “ or any of its authorized agents ” should have been notified as soon as practicable. Who were the authorized agents ? The policy does not say — the record does not show. At what address was the plaintiff to be notified? Outside of the Philadelphia, Pennsylvania address, the policy does not say — the record does not show. How was the insured, the defendant Johnson, to know?
Without considering the question as to whether Palminteri or Lundquist were agents of the insurer or of the insured, it is common knowledge, and the court takes judicial notice, that most insureds never deal directly with the insurance company, but deal through their insurance brokers. It is to them that premiums are paid and it is to them that necessary reports of changes and of accidents are made, Most insureds assume, perhaps incorrectly, that in doing so they are notifying the insurance company. In fact, in many cases the insureds do not even know the names and addresses of the insurers.
As the facts appeared on the day of the accident the defendant Johnson could have assumed that the matter was too trivial to be reported. It was not until months later that the injuries to the boy appeared to be serious. Nevertheless, the defendant Johnson did all that could be expected of him. He notified Palminteri Agency not “ as soon as practicable,” but immediately. He did what insureds usually do — notified the broker. That the intermediate broker, by mistake, mailed it to the defendant Johnson instead of sending it on to the plaintiff was an unforeseen occurrence that must certainly excuse the delay in actual notification to the plaintiff. In the hustle *693 and bustle of our everyday business it could happen to anyone; and it is to the credit of our business efficiency that similar mistakes do not occur more often.
Under the circumstances of this case the delay of 44 days after the accident in giving the plaintiff actual notice was not “ an unexcused delay;” and the court as finder of fact determines that notice of the accident was given “ as soon as practicable.”
The plaintiff’s position is further unconscionable because of its own failure and its own acts. Whereas the plaintiff did not receive actual notice of the accident until 44 days after the accident itself, the plaintiff did not thereafter send notice of disclaimer until January 3, 1956, or 118 days after it received notice. Whereas the delay on the part of defendant Johnson was due to an unforeseen and unfortunate mistake on the part of the intermediate brokers, the delay on the part of the plaintiff was a deliberate act. This four-month delay on the part of the plaintiff was not to investigate the facts on the issue of disclaimer, but to investigate the facts of the accident itself. The plaintiff’s disclaimer was an afterthought: after the plaintiff’s investigation tended to show that the case was more expensive to it than anticipated; after it found it could not settle for a paltry $150; and after it found that it now had to contend, not with naive parents, but with an attorney. Whereas the defendant Johnson’s 44 days delay in actual notification of the plaintiff is not shown to have injured the plaintiff in any way, the plaintiff’s 118 days delay in disclaiming did injure the defendant Johnson. For one thing, paragraph 11 of the “ Conditions ’ ’ prevented him from making any payment or assuming any obligation except at his pwn cost. Furthermore, this 118 days’ delay in disclaiming lulled the defendant Johnson into a sense of security; he was sure of his insurance protection and thus did nothing on his own behalf. If defendant Johnson had known earlier of the disclaimer he may have worked out a satisfactory solution with his own neighbors, the parents of the injured child. ‘ ‘ Mere delay in making a disclaimer is not enough, but where prejudice to the insured as a result of unreasonable delay in disavowing is shown by adequate proof, the insurer is estopped to assert noncoverage and becomes liable.” (Ashland Window & Housecleaning Co. v. Metropolitan Cas. Ins. Co. of N. Y., 269 App. Div. 31, 36.) The court therefore finds that the plaintiff’s actions in this case constituted a waiver; that the plaintiff is estopped from disclaiming liability; and that the defendant Johnson is covered by the policy in respect to the July 25, 1955 accident.
*694 The complaint is dismissed, with costs. In view of this decision it is not necessary to pass on the counterclaim and it is dismissed.
This is the decision of the court pursuant to section 440 of the Civil Practice Act.
Settle judgment on notice.