William R. Brennan, Jr., J.
The plaintiff is an insurance carrier, part of whose business is writing automobile liability policies. In the regular course of its business it issued its policy in usual form insuring the defendant Lester against liability for personal injuries and property damage consequent upon his ownership or use of his 1955 Cadillac. The policy period was for one year commencing January 2, 1958. Separate premiums were computed for the bodily injury liability coverage, for the property damage liability coverage and for other coverages. It is the personal injury and property damage liabilities that are involved in this case.
On May 7,1958, according to the stipulated facts, the defendant Lester was involved in an accident on Old Country Road near Glen Cove Road while operating his automobile. Also involved were the motor vehicles owned by the defendants Nathan Graibler and William H. Page, respectively, in which their respective wives were passengers.
The Page defendants and the defendant Doris Grabler, who now claim to have suffered personal injuries, made no complaints of any injury at the time and place of the accident, and there was no indication then that injuries had been sustained by any of them. The defendants Page and Grabler, as owners of their respective motor vehicles, also now claim extensive property damage to their autos.
The defendant Lester’s deposition indicates that his car was in contact with the defendant Grabler’s car causing damage, as he alleges, to the tail light of the latter, and that he noticed no damage to the front portion of Grabler’s car or to the car of the defendant Page. Neither the defendant Lester nor his companion were injured and none of the other parties in the other cars complained to him of injuries, although he made specific inquiry as to whether anybody was hurt. All cars moved from the scene under their own power. No police came to the scene.
*498 Three days after the accident, the defendant Lester left for Lake George and did not return to his lodgings in Mineóla until some time during the first week of June. He then found letters from attorneys for the Pages and Grablers, respectively, dated May 19, 1958 and May 28, 1958, respectively, and promptly turned them over to his broker, who on June 6, 1958 sent to plaintiff’s claim division in Freeport a report of the accident and the two claim letters. This constituted the first notice that plaintiff received from its insured of the occurrence, that the defendants (other than Lester) were claiming substantial property damage to their motor vehicles, and that the defendants Doris Grabler, William H. Page and Mary Ellen Page were claiming personal injuries.
The plaintiff seeks a declaratory judgment absolving it from obligation to defend the defendant Lester from the subject claims or to pay any judgment arising therefrom. It invokes the notice clause of its policy reading in part: “ In the event of an accident, occurrence or loss, written notice containing particulars sufficient to identify the insured and reasonably obtainable information with respect to the time, place and circumstances thereof, and the names and addresses of the injured * * * shall be given by or for the insured to the company * * * as soon as practicable * * *. If claim is made * * * against the insured, he shall immediately forward to the company every demand # * * • received by him”. Decision herein must rest upon the application of this clause to the stipulated facts.
It must first be noted that there is no evidence that the plaintiff has sustained any damage because of the lapse of time between the happening of the accident and its receipt of the claim letters. This, however, does not impair its right to invoke the policy clause if right there be.
The evidence is that the insured saw trifling property damage, that he asked whether anyone was hurt, that no complaint of injury was made by anybody and that none of the other defendants bore any indication of injuries. It is established that “ [i]t is not every trivial mishap or occurrence that the assured under such a policy of liability insurance must regard as an accident of which notice should be given immediately to the insurance company, even though it may prove afterwards to result in serious injury. ’ ’ (Melcher v. Ocean Acc. & Guar. Corp., 226 N. Y. 51, 56.) The guide is stated in Chapin v. Ocean Acc. Guar. Corp. (96 Neb. 213) cited and quoted by our Court of Appeals in Melcher, as follows: “If no apparent injury occurred from the mishap, and there was no reasonable ground for believing at the time that bodily injury would result from *499 the accident, there was no duty * * * to notify the insurer. ’ ’ Hindsight might now dictate that the insured could have avoided this litigation by giving prompt notice to plaintiff even before hearing from the codefendants. His rights, nonetheless, are governed by what foresight, based upon the conditions existing at the time and place of the accident, required. He was not unjustified in assuming that he was not required to report an accident where visible property damage was negligible and personal injuries were disclaimed and invisible.
Cases cited by the plaintiff are distinguishable. In Haas Tobacco Co. v. American Fid. Co. (226 N. Y. 343), it appears that the plaintiff’s driver believed a boy he struck and knocked down was uninjured. The court points out, 1 ‘ But no investigation was made. There was no assurance by the person struck that he was uninjured.” Here, the insured made inquiry, was informed nobody was hurt, and there were no visible signs of injury or reason to suspect the same" as in the cited case where a pedestrian was knocked to the street.
In Vanderbilt v. Indemnity Ins. Co. of North America (265 App. Div. 495), the alleged injuries were sustained by a grandmother of one of the insured on premises owned by them and no notice was given for 28 days. Obviously, the grandmother’s injuries must have been known to her grandchildren, and such delay in notice in the case of a blood-related claimant and insured will be assessed with greater strictness than in other cases to avoid collusion. No such factual situation exists here. In Reina v. United States Cas. Co. (228 App. Div. 108, affd. 256 N. Y. 537), the insured’s broker gave notice of accident and sent summonses when served to the wrong carrier. The accident being of a character to require notice, it was properly held that prompt notice to the wrong carrier was not prompt notice to the actual carrier, and its disclaimer was sustained. No such situation appears in the case at bar.
The claim letters in behalf of the Page and Grabler defendants are dated May 19, 1958 and May 28, 1958, respectively. They were presumably delivered at plaintiff’s abode within a day or two after their respective dates. The policy required that the insured immediately forward to the company every demand received by him. Immediate notice is notice within a reasonable time under all of the circumstances (Vanderbilt v. Indemnity Ins. Co. of North America, supra). The fact is that the claim letters were received while the defendant was on his vacation and were immediately forwarded on his return. The court finds that the claim letters were forwarded within a reasonable time under all of the circumstances of this case *500 (Rushing v. Commercial Cas. Ins. Co., 251 N. Y. 302, 304; Greenwich Bank v. Hartford Fire Ins. Co., 250 N. Y. 116, 130; cf. General Acc. Assur. Corp. v. Johnson, 13 Misc 2d 690).
Judgment is therefore granted dismissing the complaint, with costs. This is the decision required by section 440 of the Civil Practice Act.