FRANK KNAUSS, INC., Respondent, *v.* INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, Appellant.

(Argued January 14, 1936; decided March 3, 1936.)

*James I. Cuff* and *James I. McGuire* for appellant. There is no question of waiver and if there was there can be no coverage by waiver. (*Draper* v. *Oswego Co. Fire Relief Assn.*, 190 N. Y. 12; *Gerka* v. *Fidelity & Casualty Co.*, 251 N. Y. 51; *Kelly* v. *St. Michael's Roman Catholic Church*, 148 App. Div. 767; *Garlick* v. *Metropolitan Life Ins. Co.*, 109 App. Div. 175; *Weiss* v. *N. J. Fidelity & Plate Glass Ins. Co.*, 131 App. Div. 834; *Williams* v. *Fire Assn.*, 119 App. Div. 573.)

*William Gold* and *George Goldberg* for respondent. The decision of the United States District Court did not so adjudicate, and the claim there litigated did not arise out of damage to property while in plaintiff's care, custody and control, or otherwise within the exception of the policy sued upon. (*Armstrong* v. *Sisti*, 242 N. Y. 440.) Appellant is estopped from disclaiming liability by reason of its conduct in taking and prosecuting appeals to the Circuit Court of Appeals from the judgments theretofore rendered against respondent in the United States District Court. (*Weatherwax* v. *Royal Indemnity Co.*, 250 N. Y. 281.) Appellant's evidence failed to establish its contention that it had no connection with the prosecution of the appeal. (*Fox* v. *Union Turnpike Co.*, 59 App. Div. 363; *Hope* v. *Troy & Lansingburgh R. R. Co.*, 110 N. Y. 643; *Feeney* v. *Long Island R. R. Co.*, 116 N. Y. 375; *Morris* v. *N. Y., O. & W. Ry. Co.*, 148 N. Y. 88; *Horan* v. *Hastorf,*

223 N. Y. 494; *Ferris* v. *Hard,* 135 N. Y. 354; *Browne* v. *Stecher Lithographic Co.,* 24 App. Div. 484; *Northam* v. *Dutchess Co. Mut. Ins. Co.,* 177 N. Y. 73; *Audley* v. *Townsend,* 126 App. Div. 431; *Converse* v. *Sickles,* 16 App. Div. 49; 161 N. Y. 666; *Magnolia Metal Co.* v. *Pound,* 60 App. Div. 318; *Miller* v. *Union Indemnity Co.,* 209 App. Div. 455; *Black Co.* v. *London Guarantee & Accident Co.,* 190 App. Div. 218; *Tozer* v. *Ocean Accident Ins. Co.,* 94 Minn. 478; *Mason-Henry Press* v. *Ætna Life Ins. Co.,* 211 N. Y. 489; *Miller* v. *Union Indemnity Co.,* 209 App. Div. 455; *Rosenwasser* v. *Globe Indemnity Co.,* 224 N. Y. 561; *Gerka* v. *Fidelity & Casualty Co.,* 251 N. Y. 51; *Rosenbloom* v. *Maryland Casualty Co.,* 153 App. Div. 23.)

CROUCH, J.  The plaintiff has recovered a judgment upon insurance written by the defendant indemnifying it against loss from liability for injury to property " excluding property owned, leased, occupied or used by, or in the care, custody or control of the assured, or of any of his employees."  The loss sued upon is the amount of certain judgments rendered against the plaintiff (at that time named Washington Bulkley, Inc.), in the District Court for the Eastern District of New York, affirmed by the Circuit Court of Appeals.  (*Goodwin-Gallagher Sand & Gravel Corp.* v. *Washington Bulkley, Inc.,* 31 Fed. Rep. [2d] 112; affd., 31 Fed. Rep. [2d] 115.)  A scow, under charter to the gravel corporation, was dispatched with a cargo of gravel consigned to the plaintiff.  When it reached the mouth of Wallabout canal it was tied up to a pier located there.  Two of the plaintiff's employees were sent to haul it from that point up the canal to the bulkhead of the plaintiff's yard.  Before this was reached, the employees moored it for the night alongside a railroad pier, where uneven bottom caused the scow to tilt with the falling tide, dump its cargo, break one of the mooring lines and sustain damage.

The plaintiff was made a party to the litigation which followed, involving claims by the scow's owner and by the charterer for injury to the scow and for loss of its cargo. The defendant, as insurer, questioned its liability under the policy for this loss, but agreed to have the case defended by its attorneys on the understanding that the question of liability should await the result of the trial, since the care, custody and control of the scow was directly in issue. Under this arrangement the parties have, in this action, treated the decision in the District Court as determinative, the only evidence bearing on the issue of care, custody and control being the record, judgments and opinion in that litigation. The defendant contends there is no evidence to sustain the finding below that the scow was not, when the damage occurred, in the care, custody or control of the plaintiff. With that contention we agree. When one has followed the sinuosities of the admiralty pleadings to the end, it seems reasonably clear that the scow's owner claimed the scow was, by virtue of the charter, in the care, custody and control of the charterer during the entire charter period, and was negligently damaged during that period either by the charterer or — what amounted to the same thing so far as the owner was concerned — by those to whom the charterer had intrusted the care, custody and control. Because of that claim the charterer impleaded the plaintiff and alleged facts showing that the plaintiff's employees went on board the scow and undertook to haul the scow up the canal and that because of the negligence of those employees and of the master of the scow, while thus having the scow in charge, the damage resulted. On the trial there was a sharp conflict as to whether the master of the scow was present when she was shifted. The opinion of the District Court stated that he was not; that the plaintiff's employees had undertaken to move the scow up the canal, and had moored it at a foul berth selected by them; and that even if the scow's master was aboard at the time, he was the agent *ad hoc* of the plaintiff.

Judgments accordingly went against the plaintiff. There is no way of reconciling the opinion and judgments with a finding, based only on them, that the scow was not in fact in the plaintiff's care, custody and control when damaged. A statement in the opinion that the.scow had been in the care, custody and control of the charterer during the charter period has evident reference only to the relation between the owner and the charterer, upon the basis of which the charterer was made secondarily liable for the damage to the scow.

Upon the appeal from the judgments of the District Court, the plaintiff was represented by the attorneys selected by the insurer, who had tried the case. In the present action it has been held below that the prosecution of the appeal by the insurer's attorneys without a further reservation of its rights, expressly waived the insurer's right to renounce liability under the policy for the admiralty judgments.

The circumstances of the original employment of these attorneys, and of matters in connection with the prosecution of the appeal, appear in certain letters. While further oral evidence was adduced by defendant on this issue, none was offered on behalf of plaintiff. It accordingly remains to be considered whether, on the documentary and uncontradicted evidence, there are facts or grounds for reasonable inference that the insurer had abandoned its position that the loss might be one for which the policy did not provide coverage.

There was nothing obscure about the original reservation of liability. The possibility that the loss was not covered was promptly pointed out, and the insurer instructed by plaintiff to defend the case, leaving open the question of ultimate responsibility. "All it could or was bound to do was to fairly and reasonably assert its rights under the policy in such a manner as would be notice to the insured that it did not intend to waive those rights by proceeding with the defense of the action. This it did." (*Mason-Henry Press* v. *Ætna Life Ins. Co.*,

211 N. Y. 489, 497.) Something might none the less be made of the prosecution of the appeal as an election or an implied admission of liability if this had been done altogether on the responsibility of the insurer or its attorneys. The evidence is conclusive that it was not. Before taking this appeal, the attorneys submitted to plaintiff, as well as to the insurer, their views as to the likelihood of success and were instructed to proceed with it. The plaintiff also authorized the attorneys to stipulate the amount of damages, arranged that payment of these be suspended pending the appeal and procured the undertaking on appeal. There were no circumstances of estoppel or election by which the insured was denied the right to settle the case or assume charge of the litigation, as in *Brassil* v. *Maryland Casualty Co.* (210 N. Y. 235) and other like cases. There is no evidence or reason to infer that plaintiff was misled or prejudiced in any way. The prosecution of the appeal by the attorneys who had tried the case in the District Court and were familiar with it was a common sense course which did not necessarily import an abandonment of the position the insurer had taken, since both parties were still primarily interested in defeating the claim of the gravel corporation. Even if this were open to doubt, the action of the attorneys in consulting plaintiff about taking the appeal, and of plaintiff in authorizing and taking other responsibilities in connection with it, permits only one conclusion — that both understood that it was not the sole concern and responsibility of the insurer. Lacking any evidence either of estoppel or of intention to abandon the defense, which the insurer had seasonably asserted, the conclusion of an express waiver is not sustained.

The judgment of the Appellate Division and that of the Trial Term should be reversed and the complaint dismissed, with costs in all courts.

CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS, LOUGHRAN and FINCH, JJ., concur.

Judgments reversed, etc.