DOROTHY SCHALLER et al., Plaintiffs, *v.* AETNA CASUALTY AND SURETY COMPANY, Defendants.

Supreme Court, Trial Term, Kings County, April 18, 1952.

*David Klein* and *Richards W. Hannah* for plaintiffs.

*Daniel Miner* and *William S. O'Connor* for defendant.

BELDOCK, J. On September 2, 1946, plaintiffs were passengers in a 1937 Ford automobile owned and operated by one Henry C. Born. On that date Born's automobile was involved in a collision with another motor vehicle and as a result plaintiffs sustained personal injuries. They commenced an action in the Supreme Court, Bronx County, against the owner, the operator of the other motor vehicle and against Born. When Born was served, the defendant insurance company, which had issued a public liability policy to him, disclaimed liability under the policy and refused to defend Born in the action. Such action was thereupon tried and terminated in judgments against all defendants and in favor of the plaintiff Dorothy Schaller in the sum of $7,600 and in favor of the plaintiff Hans Schweitzer for $133.36. A copy of the judgment with notice of entry was served upon this defendant. The latter having refused to make payment, plaintiffs commenced this action under section 167 of the Insurance Law to recover the amount of the judgments obtained in their favor against Born.

Defendant's public liability policy, issued to Born on March 14, 1946, covered a 1937 Studebaker automobile owned by Born. By its terms the policy period was from March 14, 1946, to March 14, 1947. The contract of insurance contained the following provision: " IX *Automatic Insurance for Newly Acquired Automobiles*. If the named Insured who is the owner of the automobile acquires ownership of another automobile and so notifies the Company within thirty days following the date of its delivery to him, such insurance as is afforded by this policy applies also to such other automobile as of such delivery date: (a) if it replaces an automobile described in this policy, but only to the extent the insurance is applicable to the replaced automobile."

On June 29, 1946, Born disposed of the Studebaker car and on the same date acquired a 1933 Chrysler. On July 6, 1946, Born sold the Chrysler automobile. Thereafter and on August 24, 1946, Born purchased the 1937 Ford which, as has been stated, was involved in the accident of September 2, 1946.

It is conceded that prior to the accident Born gave no notice to defendant of the sale of the Studebaker or of the purchase and

sale of the Chrysler, nor of the purchase of the Ford. Defendant concedes, however, that one day following the accident it was notified Born's Ford automobile was involved in the collision above noted.

Upon these facts, after trial of the action before me without a jury, I find that Born's Ford was covered by the policy in question and plaintiffs are entitled to prevail. Defendant having been notified on September 3, 1946, of the delivery of the Ford car to Born on August 24, 1946, said notification was clearly within the thirty-day automatic coverage clause. Accordingly, this coverage clause applied to Born's newly acquired Ford car as of the date of the delivery, whether or not notice was given to defendant before the date of the accident (*Hoffman* v. *Illinois Nat. Cas. Co.,* 159 F. 2d 564; *Melendez* v. *General Acc. Fire & Life Assur. Corp.,* 189 Misc. 392, affd. 273 App. Div. 960, motion for leave to appeal denied 274 App. Div. 763, 298 N. Y. 935), " if it replaces an automobile described in this policy" (par. IX, cl. [a], contract of insurance herein). In my view, the Ford " replaced " the Studebaker, within the meaning and intendment of the policy. It was being used in the same manner and for the same purposes as the Studebaker. From the viewpoint of utility, the Ford constituted a replacement of the Studebaker.

I do not agree with defendant's argument that the Ford " replaced " the Chrysler and not the Studebaker, and therefore did not replace an automobile described in the policy. Such view is entirely too narrow. The average man in the position of the insured reading this contract would not ascribe to the language of the policy the meaning which defendant insurance company urges upon the court. " Contracts of insurance, like other contracts, are to be construed according to the sense and meaning of the terms which the parties have used, and if they are clear and unambiguous the terms are to be taken and understood in their plain, ordinary and proper sense " (*Hartol Products Corp.* v. *Prudential Ins. Co.,* 290 N. Y. 44, 47). In any event, " It is well-settled that if a policy of insurance is written in such language as to be doubtful or uncertain in its meaning, all ambiguity must be resolved in favor of the policy holder and against the company " (*Hartol Products Corp.* v. *Prudential Ins. Co., supra,* p. 49).

Nor did the lapse of time from July 6, 1946, when Born disposed of the Chrysler, to August 24, 1946, when he purchased the Ford automobile as a replacement, bring about a termination of the insurance contract. If Born was content to let his insurance contract stand (the premium for which he paid for a full

year) until he acquired another automobile, the company should be in no position to complain.

Accordingly, judgment is directed for plaintiff Dorothy Schaller for $7,600, with interest at 6% from June 19, 1947, and for plaintiff Hans Schweitzer for $133.36, with interest at 6% from the same date. Thirty days' stay of execution and sixty days to make a case granted to defendant.