Daniel J. McAvoy, J.
This is an action by the plaintiff insurance company for a declaratory judgment against its insured, the defendant Francis Cochardo, and the other named defendants who have alleged claims for damages against him as a result of an automobile accident.
The court finds that on February 2, 1953, a policy of liability insurance was issued by the company to the insured Cochardo, covering a 1949 Oldsmobile car. That in April of 1953, Cochardo sold this car, and in June of 1953 purchased a 1949 Buick. That he later sold the Buick and on July 14, 1953, purchased a 1949 Hudson. That while operating the Hudson, on November 22, 1953, he was involved in an automobile accident.
The policy of insurance contained the following provision as to coverage of a newly-acquired automobile: IV Automobile Defined, (a) Automobile. Except where stated to the contrary, the word “ automobile ” means: (1) Described Automobile— the motor vehicle described in this policy; * * (4) Newly Acquired Automobile — an automobile, ownership of which is acquired by the named insured who is the owner of the described automobile, if the named insured notifies the company within thirty days following the date of its delivery to him, and if either it replaces an automobile described in this policy * * * ”. (Italics mine.)
It was admitted by Cochardo that he gave no notice to the insurance company of the sale of the 1949 Oldsmobile covered by the policy or of the subsequent purchases above mentioned.
The plaintiff has cited the case of Schaller v. Aetna Cas. & Sur. Co. (306 N. Y. 725, affg. 280 App. Div. 988), which reversed a decision of the Trial Term (205 Misc. 94) in favor of the insured, where the insured’s failure to comply with a similar provision in a policy as to coverage of a newly-acquired car was before the court for determination.
There, the Court of Appeals upheld the finding of the Appellate Division that failure to give the insurance company the required notice within 30 days from the date of delivery of the newly-acquired car, was fatal to coverage.
After a careful reading of the record in the Schaller case, I am unable to distinguish it from the facts presented in the case *1031 at bar. The legal question presented and decided in that case is substantially the same as that presented here. Therefore, this court is bound by the authority of that decision.
The record here, as found by the Appellate Division in the Schaller case, is likewise barren of any facts from which an estoppel or waiver on the part of the insurance company could be spelled out. (See Gutman v. United States Cas. Co., 241 App. Div. 752; Draper v. Oswego County Fire Relief Assn., 190 N. Y. 12, 16; Alsens Amer. Portland Cement Works v. Degnon Contr. Co., 222 N. Y. 34; Ray v. Canton Co-op. Fire Ins. Co., 286 N. Y. 405, 408.)
"While it does appear here that the accident happened on November 22, 1953, and the insured was not formally notified by the company until the last of December or first of January, 1954, to procure his own lawyer and defend litigation already instituted against him — as the company was going to litigate the question of coverage — there was no proof offered that any delay actually misled the insured to his detriment or prejudice. A finding to that effect would have to be based merely upon speculation and supposition.
There was proof offered that on December 7, 1953, an independent investigator retained by the company, after taking a statement from the insured as to his change of automobiles and other facts, advised the insured that he could not tell him whether or not he was covered. This, at least, should have put him on notice that the question might be raised.
The fact that the company proceeded with its investigation could not be construed as a waiver of its rights under the policy. The Appellate Division so found in the Schaller case (280 App. Div. 988, supra), under circumstances substantially the same as exist here.
Nor would the fact that the independent investigator asked a claimant against the insured to submit an estimate of his damage constitute an estoppel. It was so held in Ray v. Canton Co-op. Fire Ins. Co. (supra, p. 408).
This court is therefore constrained to hold, under the facts here found and the authority above cited, that the Hudson car owned by the insured at the time of the accident in question was not covered by the policy due to the insured’s failure to give the notice hereinabove referred to, and that the defendants who have potential claims arising out of said accident against Oochardo, and others similarly situated, have no rights against the defendant under the policy.
A judgment may be submitted in accordance with the findings herein made.