Habold Baer, J.
In this action for a declaratory judgment, stipulated facts are that a public liability policy was issued by plaintiff to defendant Powers covering premises 420 East 141 Street, The Bronx, New York. The policy was in force at the time that defendant Tonyes claims that he was injured on the premises ; that the policy covered the owner for bodily injuries sustained by others arising out of the operation of the insured premises; and provided for written notice of accident by owner to the insurer, “ as soon as is reasonably possible thereafter ”. Also, on the jacket there was the admonition to read the policy and observe the condition requiring “immediate notice” of every accident.
The claimed accident to Tonyes occurred on December 18, 1955. He was in the hospital until January 3,1956 and returned to the hospital from April 26, 1956 to August 4, 1956. A summons and complaint were served June 23, 1958 and this was the first notice of accident received by the insurer. This plaintiff appeared for defendant Powers in the Tonyes ’ action on July 22, 1958, filed an answer and demanded a bill of particulars. On August 19, 1958 this plaintiff was granted leave to examine the Tonyes’ hospital record and on August 28, 1958 the bill of particulars was received. On September 11,1958 plaintiff informed defendant Powers by letter that after investigation plaintiff had arrived at the conclusion that defendant Powers was aware of the accident in question shortly after it occurred, and had failed to notify the company. It disclaimed liability and commenced this action.
A question of fact arises from the conflict in testimony regarding defendant Powers’ awareness of the occurrence. He denies that he knew of the accident before he was served with the summons and complaint in June, 1958. However, he signed a statement on July 16,1958 wherein he admitted he heard talk on the premises about the accident in December, 1955 and again, after *395 Tonyes returned from the hospital, early in 1956, ‘ ‘ he threatened me with suit ”. This version of the facts is confirmed in an examination before trial of Tonyes. On this question of fact, I find that Powers, the insured, had knowledge of the occurrence some time prior to April 26,1956, the date that Tonyes returned to the hospital.
The clause in this policy requiring notice, “ as soon as is reasonably possible ”, and similar clauses have been interpreted by the courts of this State on numerous occasions. Unquestionably, failure to satisfy the requirements of this clause by the insured giving timely written notice vitiates the contract as to both the insured and the claimant seeking recovery against said insured (Boazar v. Great Amer. Ind. Co., 306 N. Y. 481; Deso v. London & Lancashire Ind. Co., 3 N Y 2d 127,129).
Two and one-half years passed between the occurrence and the notice in the instant case. Such a delay would seem to be a breach of the insurance contract per se. However, the interpretation of similar clauses by the courts is that written notice must be given within a reasonable time under all the circumstances. That the reasonableness of a delay where mitigating circumstances, such as lack of knowledge of the occurrence are offered as an excuse, is a question of fact for the court or jury (Rushing v. Commercial Cas. Ins. Co., 251 N. Y. 302, 304; Deso v. London & Lancashire Ind. Co., supra, p. 129).
Having found that defendant Powers had knowledge of the occurrence by April of 1956, more than two years prior to notice to this plaintiff, and that there are no mitigating circumstances or acceptable excuse for defendant’s failure to give written notice to the plaintiff until June, 1958,1 find that this failure by the insured vitiates the contract (Haas Tobacco Co. v. America Fid. Co., 226 N. Y. 343; Quinlan v. Providence Washington Ins. Co., 133 N. Y. 356; Reina v. United States Cas. Co., 228 App. Div. 108, affd. 256 N. Y. 537; Vanderbilt v. Indemnity Ins. Co., 265 App. Div. 495; Deso v. London & Lancashire Ind. Co., supra).
Both defendants plead estoppel. They contend that plaintiff’s failure to disclaim immediately upon ascertaining that it had such right was a waiver, and having continued with the defense of the Tonyes ’ action for nearly two months thereafter, it is now estopped from disclaiming liability.
The plaintiff admits that after obtaining the statement from the defendant on July 16, 1958, it was aware of defendant’s failure to give timely written notice. However, it did continue with the defense of the Tonyes ’ action during further investigation and only sent a letter of disclaimer on September 11, 1958. *396 It contends that it is not estopped; that it had a right and duty to complete its investigation; and in any event the defendants were not prejudiced by the delay as the case was two years from trial and defendant Powers had sufficient opportunity to retain other counsel.
There are some cases which seem to hold that any lapse of time between knowledge of the right to disclaim and disclaimer is a waiver and estops the insurer. The tenor of this view seems to be that when an insurer defends an action on behalf of the insured with knowledge of the facts constituting a defense to the coverage of the policy, it is estopped from asserting that the policy does not cover the claim (Moore Constr. Co. v. United States Fid. & Guar. Co., 293 N. Y. 119; Gerka v. Fidelity & Cas. Co., 251 N. Y. 51, 57; Rosenwasser v. Globe Ind. Co., 224 N. Y. 561; 269 Canal St. Corp. v. Zurich Gen. Acc. & Liab. Ins. Co., 252 N. Y. 603).
It is also well established that the insurer may defend and still reserve its right to disclaim by giving timely notice to the insured (Moore Constr. Co. v. United States Fid. & Guar. Co., supra; Knauss Inc. v. Indemnity Ins. Co., 270 N. Y. 211; Jewtraw v. Hartford Acc. & Ind. Co., 280 App. Div. 150, 154). Likewise, it is well established that the duty of the insurer to defend is broader than the duty to pay (Doyle v. Allstate Ins. Co., 1 N Y 2d 439).
It would seem however, that in determining whether or not notice of disclaimer is timely, prejudice to the insured must be considered. In fact, where insured is not prejudiced as a result of delay in disclaimer by the insurer, the eases seem to be in agreement that there is no estoppel as a matter of law. ‘ ‘ Mere delay in making a disclaimer is not enough, but where prejudice to the insured as a result of unreasonable delay in disavowal is shown by adequate proof, the insurer is estopped to assert non-coverage and becomes liable ” (Ashland v. Metropolitan Cas. Ins. Co., 269 App. Div. 31, 36).
Delay in disclaimer must he coupled with prejudice to the rights of the insured for estoppel to result. The question of estoppel is for the trier of the facts to determine (O’Dowd v. American Sur. Co., 3 N Y 2d 347, 355; Lavine v. Indemnity Ins. Co., 260 N. Y. 399, 409; Knauss, Inc. v. Indemnity Ins. Co., 270 N. Y. 211, 216; Gordon v. Massachusetts Bonding & Ins. Co., 229 N. Y. 424,435; Ashland v. Metropolitan Cas. Ins. Co., supra).
The defendants have failed to offer any evidence that the delay in disclaiming prejudiced their rights. Two years have elapsed since disclaimer and the insured had full opportunity to prepare for the action which is now on the calendar for trial.
*397 The plaintiff is granted a declaratory judgment, as prayed for in its complaint. Formal findings of fact and conclusions of law were waived; submit proposed judgment on notice.