Harold Baer, J.
This is an action for a declaratory judgment. The plaintiff in this action is a defendant in an action for damages pending in the United States District Court, *517 Southern District of New York, brought by Compañía Columbiana de Navegación Marítima, Ltda., also known as Coldemar Line, Inc. In that action, American Stevedores, Inc. (plaintiff herein), brought in Sun Insurance Office, Ltd. (a foreign insurance carrier) and William H. MoG-ee & Co., Inc. (agent and managers of the Marine Department of Sun), as third-party defendants.
These actions arise through a series of losses sustained by Coldemar from June to September, 1954. There is a claimed loss of 142 bags of coffee valued at $18,000. American Stevedores, Inc., was in control of the piers where the four coffee shipments were delivered, and was responsible for the discharge of the coffee from the vessels, warehousing and delivery to consignees. The defendant McGee, as agent for defendant Sun, issued policies of insurance covering American for property damage or loss arising out of stevedore operations. However, these defendants have disclaimed liability and have refused to defend American in the pending Federal court action. American therefore seeks a judgment declaring the rights of the parties.
The policies involved contain the following clause:
“5. losses :
“ (a) Notice of Loss: — Upon being known to the Assured’s management, notice of the occurrence of any and all losses which are apt to be a claim under this Policy shall be given these Assurers by the Assured as soon as may be practicable, and the said Assured shall deliver to these Assurers as particular an account thereof as the nature of the case will admit, stating the cause, if known, the extent thereof and the nature of the interest of the Assured.”
The evidence confirms that the first notice of loss to the defendants, concerning the shortages of coffee on June to September, 1954 shipments, was by a letter dated March 1, 1955. This was nearly six months after the last shipment in controversy and nearly nine months after the June, 1954 shipment. Plaintiff contends that there was prior notice by telephone, but this is not substantiated by the evidence. An officer of plaintiff testified to such oral notice, but, in view of the denials by defendants’ witnesses and lack of any corroborating testimony, this court finds that the first notice was received in March, 1955.
The only excuse for the delay in giving notice of loss is that plaintiff thought that the discrepancy may have been due to short shipment and not short delivery. This court finds from *518 all the evidence that plaintiff knew, no later than September, 1954, that there were shortages of bags of coffee and such losses were “apt to be a claim” under the policy. Plaintiff failed to give notice “ as soon as may be practicable ”. Furthermore, there has been no showing of any mitigating circumstances to justify or excuse the delay. This was a default under the policy and voids the contract (Deso v. London & Lancashire Ind. Co., 3 N Y 2d 127, 129; Bazar v. Great Amer. Ind. Co., 306 N. Y. 481; Haas Tobacco v. American Fid. Co., 226 N. Y. 343; Greater N. Y. Mut. Ins. Co. v. Powers, 25 Misc 2d 393).
The plaintiff urges that even if notice was late, defendants waived any right to disclaim and are estopped from disclaiming by reason of their failure to do so before December 19, 1955. Defendants contend that they carried on investigations between March 1, 1955 and November, 1955, and did not disclaim until a report had been received from their surveyor in December, 1955. While this does seem like an inordinately long time for investigation, plaintiff has suffered no prejudice from the delay.
In determining whether or not a notice of disclaimer is timely, prejudice to the insured must be considered. This is generally a question of fact (O’Dowd v. American Sur. Co., 3 N Y 2d 347, 355; Lavine v. Indemnity Ins. Co., 260 N. Y. 399, 409; Frank Knauss, Inc. v. Indemnity Ins. Co., 270 N. Y. 211, 216). Where the insured is not prejudiced as a result of the delay in disclaimer, there is no estoppel as a matter of law (Ashland Window & Housecleaning Co. v. Metropolitan Cas. Ins. Co., 269 App. Div. 31; Standard Acc. Ins. Co. v. Cochardo, 1 Misc 2d 1029, affd. 2 A D 2d 631; Greater N. Y. Mut. Ins. Co. v. Powers, supra). “Mere delay in making a disclaimer is not enough, but where prejudice to the insured as a result of unreasonable delay in disavowal is shown by adequate proof, the insurer is estopped to assert noncoverage and becomes liable ” (Ashland v. Metropolitan Cas. Ins. Co., supra, p. 36).
Since I find that there is no showing of prejudice to the insured which flows from the delay, there can be no estoppel to disclaim.
The complaint was dismissed as against the defendant Coldemar at the end of the entire case. Judgment is granted to the remaining defendants.