PER CURIAM.
John Robert Dawson appeals from a final judgment in the sum of $25,000 for the plaintiff, Lloyd Emil Johnson, Sr.
Johnson sued Dawson and one Pelchat and charged them with negligence resulting in the death of his minor son. His minor son was killed as a result of a collision between a Volkswagen automobile in which he was a passenger and a horse allegedly owned by Pelchat or Dawson. There was a factual dispute at issue as to the ownership of the horse which was resolved by the jury verdict against Dawson.
Although the evidence was conflicting as to the ownership of the horse and the alleged negligence, we find substantial, competent evidence in the record to sustain the jury verdict.
The defendant claims reversible error was committed by the trial judge in permitting expert testimony concerning the pasturing of horses. Trial judges in Florida are given wide latitude in this regard and we find no abuse of discretion in this instance. See Central Hardware Co. v. Stampler, Fla.App. 1965, 180 So.2d 205; and *446 State Road Dept. v. Outlaw, Fla.App.1963, 148 So.2d 741.
We have examined the defendant’s other points for reversal and find no reversible error has been committed.
The final judgment herein appealed is
Affirmed.