257 So.2d 282 (1972)
Lloyd Emil JOHNSON, Sr., Appellant,
v.
John Robert DAWSON and American Bankers Insurance Company of Florida, Appellee.
No. 71-210.
District Court of Appeal of Florida, Third District.
January 25, 1972.
Rehearing Denied February 23, 1972.
Ralph P. Ezzo, Horton, Schwartz & Perse, Miami, for appellant.
Helliwell, Melrose & DeWolf, and William E. Sadowski, Miami, for appellee.
Before SWANN, C.J., HENDRY, J., and LILES, WOODIE A., Associate Judge.
HENDRY, Judge.
This is an appeal from a final judgment entered in favor of American Bankers Insurance Company of Florida, appellee-garnishee, in a garnishment proceeding brought against it by appellant-Lloyd Emil Johnson, Sr., to collect a judgment in the amount of $25,000 which he recovered against appellee John Robert Dawson in a wrongful death action.[1] Dawson was insured under a *283 homeowners policy of American Bankers Insurance Company of Florida. Dawson was defended in the death action, under a provision providing for such defense, by the insurance company after first notifying the insured by letter that it was doing so under reservation of rights. After trial a judgment was entered in favor of the plaintiff for $25,000. The insurance company appealed the judgment on behalf of Dawson. The appeal resulted in an affirmance of the judgment. Dawson v. Johnson, Fla.App. 1969, 226 So.2d 445.
The judgment creditor thereupon instituted garnishment proceeding against the insurance company for the collection of the judgment. The insurance company denied that it was liable for the judgment rendered against Dawson, its policy holder. It denied liability on grounds that Dawson's homeowners policy did not provide coverage for Dawson's liability in the instant action because the accident occurred as a result of business activity on the part of Dawson, and business activities were excluded under the policy. Mr. Johnson's son was killed when his car collided with a horse, which Dawson was in process of selling to a third person. Appellant did not secure an assignment from Dawson of any rights which he may have had under the policy. Cf. Nationwide Mutual Insurance Company v. McNulty, Fla. 1969, 229 So.2d 585, discharging cert. Fla.App. 1969, 221 So.2d 208.
The appeal presents two principal issues. First of all, whether a judgment creditor has the standing, (in the absence of his securing an assignment from the insured of rights under the policy), against the judgment debtor's insurance carrier, which company is subject to a motion for a post-final judgment writ of garnishment. Second, assuming the judgment creditor has such standing, whether the doctrines of estoppel and waiver may be applied to create liability on the part of an insurance company for a loss falling outside the coverage provided in the insurance contract. The first question appears to be one of first impression in Florida.
Appellant contends that the claim of non-coverage was waived or could not be raised because of estoppel, based upon the continued defense of the tort action by the insurance company. He argues that the company was on notice of Dawson's business pursuit, and during the seventeen months of litigation never asserted non-coverage. He relies upon Bergh v. Canadian Universal Ins. Co., Fla. 1968, 216 So.2d 436 and Tiedtke v. Fidelity & Casualty Co. of New York, Fla. 1969, 222 So.2d 206.
First, we consider the issue of standing. While both the Bergh and Tiedtke cases, supra, cited by appellant lend some support for our conclusion that the judgment creditor does have standing to assert these doctrines in a garnishment proceeding, these cases are found to be factually distinguishable because they were actions brought by the insureds and concerned delayed notice or forfeiture rather than lack of coverage. The case relied upon by appellee, Midland National Insurance Company v. Watson, Fla.App. 1966, 188 So.2d 403, does tend to lead to a conclusion different from the one which we reach here. However, that case is also distinguishable on the grounds that it was decided before Shingleton v. Bussey, Fla. 1969, 223 So.2d 713, 715 and Beta Eta House Corporation, Inc. of Tallahassee v. Gregory, Fla. 1970, 237 So.2d 163, 165.
Next, we consider the applicability of these doctrines and do so in the light of Florida cases and cases from other jurisdictions. We express the view that the rule to be applied is: Where an insurer *284 takes the precaution of securing a "nonwaiver agreement" and thereafter actively defends a damage action arising under a provision of the policy providing for such a defense, then neither estoppel nor waiver will preclude the insurer from asserting any right that it may have under its contract of insurance in an action or proceeding brought by the insured's judgment creditor. General Acc. Fire & Life Assur. Corp. v. Mitchell, 128 Colo. 11, 259 P.2d 862, (1953) (en banc) and authorities cited at p. 868; see also Frank Knauss Inc. v. Indemnity Ins. Co. of North America, 270 N.Y. 211, 200 N.E. 791, (1936); "Anno., Liability insurance: insurer's assumption of or continuation in defense of action brought against the assured as waiver or estoppel as regards defense of noncoverage or other defense existing at time of accident," 38 A.L.R.2d 1148 (1954), supplementing 81 A.L.R. 1326 (1932); "Anno., Comment note: doctrine of estoppel or waiver as available to bring within coverage of insurance policy risks not covered by its terms or expressly excluded therefore," 1 A.L.R.3d 1139 (1965). These authorities indicate that the general rule is that the doctrines of estoppel and waiver cannot be applied to create liability on the part of an insurer for a loss falling outside the coverage provided in the insurance contract. For example, the author in 1 A.L.R. 3d 1139, at 1144 states: "While waiver and estoppel have been held applicable to nearly every area in which an insurer may deny liability, the courts of most jurisdictions agree that these concepts are not available to broaden the coverage of a policy so as to protect the insured against risks not included therein or expressly excluded therefrom."
In conclusion, we have expressed the view that a judgment creditor has standing to raise the issues of estoppel and waiver as to insurance coverage against the insurer of the judgment debtor. However, one possessing standing does not necessarily prevail upon the proper application of the legal principles he may assert.
Therefore, upon the authorities cited and for the reasons expressed, we affirm the final judgment entered in the garnishment proceeding in favor of the garnishee insurance company.
Affirmed.
NOTES
[1] Appellant Johnson filed a motion for a post-judgment writ of garnishment. §§ 77.01 and 77.03, Fla. Stat., F.S.A. The appellee American Bankers Insurance Company filed an answer, and pursuant to stipulation an affidavit filed by Johnson was treated as a traverse. Also pursuant to stipulation the testimony and depositions in the tort litigation were considered as evidence. § 77.07, Fla. Stat., F.S.A. The Circuit Court found that the policy of insurance issued by the appellee-garnishee American Bankers Insurance Company to Dawson did not provide coverage for Dawson's liability in the case, based upon an exclusion for "business activities".