358 So.2d 1138 (1978)
Helene Sue RADOFF, Appellant,
v.
NORTH AMERICAN COMPANY FOR LIFE AND HEALTH INSURANCE, Appellee.
No. 77-1066.
District Court of Appeal of Florida, Third District.
May 9, 1978.
Rehearing Denied June 9, 1978.
Haiman Long Clein, North Miami, and Thomas P. Bell, Hialeah, for appellant.
Shutts & Bowen and Eric B. Meyers, Miami, for appellee.
Before HENDRY and PEARSON, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
*1139 CARROLL, Associate Judge.
This is an appeal for the plaintiff below from a summary judgment entered in favor of the defendant.
On January 1, 1976, the defendant, North American Company for Life and Health Insurance, issued a certificate of life insurance to Samuel I. Radoff in the amount of $40,000. The certificate recited it was issued under the terms of policy number G-060953 to Trustee for the Fraternal Order of Police Trust, and it contained a provision making its effectiveness dependent on the insured being regularly performing the duties of his occupation on a full time basis.[1] It is disclosed that Samuel I. Radoff, while a policeman employed by the City of Miami, became insured for $5,000 of life insurance under a group policy of the Fraternal Order of Police issued by Continental Assurance Company. Also, in 1970, Radoff was retired on a two-thirds disability benefit. In 1971, an application made by Radoff to increase the amount of insurance under that policy to $40,000 was denied. In January of 1976, the group carrier was changed from the initial carrier to North American, which thereupon issued to Radoff the certificate of insurance described above.
Radoff died on July 17, 1976. This action was brought by his widow, as beneficiary, against North American to recover life benefits under said policy, in the amount of $44,000, alleging the initial amount of $40,000 had been increased thereafter by $4,000.
North American answered, denying coverage because of noncompliance with the provision referred to above, which is quoted at footnote no. 1. Alternatively, in defense, North American averred that the insurance certificate was made for $40,000 life insurance by mistake, due to the fact that its agent thereon had mistakenly advised the company that Radoff's insurance under the original policy was for $40,000 when, in fact, it was for $5,000, and North American sought reformation thereof.
Following hearing on defendant's motion for summary judgment, the trial court entered a summary judgment for the defendant in which the court found as undisputed fact that on January 1, 1976, and thereafter until his death on July 17, 1976, Radoff was disabled and was not regularly performing the duties of his occupation or profession on a full time basis, and that under the terms of the North American policy, for that reason, was not entitled to life insurance benefits. The court ordered North American to refund to the plaintiff the premiums paid thereon amounting to $149.80.
In its answer, North American, while contending for noncoverage by it because of said exclusionary provision, averred that Radoff, at the time of his death, remained covered for $5,000 life insurance under the Continental Assurance policy and that the latter had tendered payment thereon. At the argument of this case, the attorney for the appellee so stated, and represented that while North American was not liable therefor under its policy, the $5,000 life benefit was payable to the beneficiary by Continental Assurance Company. Our affirmance of the judgment holding North American not liable for the payment is made on the assumption that such payment will be made by Continental Assurance Company.
We hold the court was correct in ruling that the said exclusionary clause was effective as to North American. We reject appellant's contention that the acceptance of premiums by North American estops it from disclaiming coverage. Estoppel does not operate to create coverage. Six L's Packing Co. v. Florida Farm Bureau Mutual Insurance Co., 268 So.2d 560 (Fla. 4th DCA 1972); Johnson v. Dawson, 257 So.2d 282, 284 (Fla. 3d DCA 1972). The provision *1140 in the group policy conditioning its effectiveness upon the insured being in regular performance of duties of his occupation or profession on a full time basis was one of coverage. Carageorge v. Fidelity & Guaranty Life Insurance Company, 345 So.2d 865 (Fla. 1st DCA 1977). The provisions of Section 627.573, Florida Statutes (1975), do not create liability on North American which replaced the group life contract of Continental Assurance Company where the coverage under the latter continued. In view of lack of coverage by the North American policy, the dispute or question as to the amount of the benefit provided for therein is not material.
The judgment is affirmed.
NOTES
[1] The provision thus referred to:

"* * * In any instance when a Member is not regularly performing the duties of his occupation or profession on a fulltime basis for a Member's Spouse or Children are disabled on the date they would become insured such Member shall become insured on the 1st day of the month following the date he resumes such duties on a fulltime basis, and such disabled Spouse and disabled children shall become insured the 1st day of the month following the date they are no longer disabled and return to their fulltime activities."